**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ben McMEANS, Defendant–Appellant.**

No. 89–5813.

United States Court of Appeals, Fourth Circuit.

Argued July 20, 1990.

Decided March 1, 1991.

As Amended March 11, 1991.

John Preston Bailey, argued, Byrum & Bailey, Wheeling, W.Va., for defendant-appellant.

Patrick M. Flatley, Asst. U.S. Atty., argued (William A. Kolibash, U.S. Atty., Thomas O. Mucklow, Asst. U.S. Atty., on brief), Wheeling, W.Va., for plaintiff-appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

PER CURIAM:

The questions presented on appeal are whether the trial court erred by failing (1) to inform the defendant of his right to testify on his own behalf and (2) to obtain an "on the record" waiver by the defendant of this right. The district court held there was no right of the defendant to be so informed and thus no necessity for the trial court to secure an "on the record" waiver of such right. We find no error on the part of the court below in this ruling. The judgment is accordingly affirmed.

## I.

The defendant, Ben McMeans, was indicted on May 25, 1989, in the Northern District of West Virginia on one count of distribution of crack cocaine. On July 6, 1989, the defendant was tried by a jury in Martinsburg, West Virginia. The defendant took the stand and testified on his own behalf. The jury hung, and a mistrial was declared.

On August 14, 1989, the defendant was tried again. At this trial the defendant did not testify. The trial judge did not inform the defendant of his constitutional right to testify on his own behalf at this second trial, and there is no waiver of that right contained in the record. The jury found the defendant guilty and judgment of sentence duly entered.

The defendant now appeals the judgment, arguing that the trial court had a duty to inform him of his right to testify on his own behalf and to obtain, on the record, a waiver of that right. This question appears to be one of first impression in this circuit.

## II.

█ It is clear that a defendant in a criminal trial has a constitutional right to testify on his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 2709, 97 L.Ed.2d 37 (1987). Further, it is the defendant who retains the ultimate authority to decide whether or not to testify. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983).

The United States Supreme Court has not decided whether there is an affirmative duty of a trial court to advise the defendant of this right. However, the majority of the federal circuit courts agree that there is no such duty. The Ninth Circuit decided, in *United States v. Martinez*, 883 F.2d 750 (9th Cir.1989), that not only is there no duty to advise the defendant of his right to testify, but there is no duty to obtain an on-the-record waiver of that right. *Id.* at 760. In that case the court decided that the defendant's conduct provided a sufficient basis from which to infer whether the right to testify has been waived. *Id.* To waive the right, all the defendant needs to know is that a right to testify exists.

McMeans knew of his right to testify as evidenced from his testifying in the first trial. Because McMeans knew that he could testify if he wanted to, his failure to testify in his second trial cannot be the product of ignorance of his right. Instead, his failure to testify was of his own choosing; he can not now approach the court and complain of the result of his decision.

McMeans also suggests that there was some conflict between himself and his lawyer regarding whether McMeans should testify. However, because there is no evidence of such a dispute on the record, this court may proceed only on the information that is preserved in the record.

The lower court's opinion is hereby AFFIRMED.