956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Osborne McKinley SMITH, a/k/a Mack, Defendant-Appellant.
 No. 89-5906.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1992.
Decided March 2, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-88-82)
 Argued: Stephen Jon Cribari, Deputy Federal Defender, Baltimore, Md., for appellant; Samuel G. Nazzaro, Jr., Assistant United States Attorney, Wheeling, W.Va., for appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Baltimore, Md., for appellant; William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W. Va., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE, WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Osborne McKinley Smith appeals his conviction in the United States District Court for the Northern District of West Virginia. Finding no merit in his arguments, we affirm.
 
 I.
 
 2
 Smith was charged with distribution of crack and distribution of crack within a thousand feet of a public school. See 21 U.S.C. §§ 841(a)(1), 845a(a). At his trial, the defense rested without presenting any evidence. See J.A. at 21. Defense counsel had not objected to voir dire and did not object to the jury instructions. The jury found Smith guilty on both counts of the indictment, and the court sentenced him to 33 months of imprisonment on count one, to be served concurrently with a like sentence on count two but consecutively to any state sentence being served. The court also fined Smith $1,200 and imposed a special assessment of $100. See id. at 25.
 
 II.
 
 3
 Smith raises two arguments on appeal, neither of which has merit.
 
 A.
 
 4
 Smith first argues that the district court's failure to notify him of his right to testify on his own behalf "rendered [his] trial unfair and denied him the due process secured by the fifth amendment." Appellant's Br. at 5. This court has previously held that a trial court does not have an affirmative duty to advise a defendant of his right to testify or a duty to obtain a record waiver of such right. See United States v. McMeans, 927 F.2d 162, 163 (4th Cir.1991). Smith attempts to distinguish McMeans by arguing that in this case, there was "[in]sufficient basis from which to infer whether the right to testify ha[d] been waived." Id. Assuming that evidence from which an inference of waiver may reasonably be made is necessary, the district court had ample evidence before it from which to infer waiver. The court expressly informed Smith of his right to produce evidence in his favor and to remain silent. See J.A. at 9-10. Notwithstanding that Smith was apprised of these rights, he chose not to testify on his own behalf.
 
 B.
 
 5
 Smith argues that the district court erred by failing to read the witness list to the potential jurors during voir dire.[1] There is not an "affirmative duty on [a] trial court" in this circuit to read the witness list during voir dire "absent a timely request ... by the defense." United States v. Harris, 814 F.2d 155, 157 (4th Cir.1987). Smith urges us to reconsider Harris in light of Batson v. Kentucky, 476 U.S. 79 (1986). Nothing in Batson, however, draws into question this court's holding in Harris, and as a single panel of the court, we have no authority to reconsider Harris. See, e.g., Capital Produce Co. v. United States, 930 F.2d 1077, 1079 (4th Cir.1991). Accordingly, we reject Smith's claim as to the court's voir dire.[2]
 
 CONCLUSION
 
 6
 For the reasons stated herein, we affirm the judgment of the district court.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 The court inquired during voir dire whether any potential jurors knew Smith. See id. at 15-17. Several witnesses said they had relatives who worked in law enforcement. Id. The court excused one potential juror. See id. at 18
 
 
 [2]
 Smith's counsel voiced no objection to the court about the jury selection after voir dire. Smith contends that the court erred by failing to inquire into the reasons for the absence of any objection by his counsel. We are aware of no authority that would have required the court to conduct such a inquiry