**David Harvey BREWSTER**

v.

**Paul W. KIRBY, Warden.**

**Civil Action No. 2:94cv193.**

United States District Court,
N.D. West Virginia,
Elkins Division.

Feb. 21, 1997.

David Harvey Brewster, Pro se.

Scott E. Johnson, Assistant Attorney General, Charleston, WV, for respondent.

### *ORDER*

MAXWELL, District Judge.

Petitioner, a state prisoner proceeding *pro se*, seeks to pursue his remedies in this habeas corpus action pursuant to 28 U.S.C. § 2254.[1] On February 1, 1995, respondent filed a "Motion to Compel Petitioner to Show Cause Pursuant to Rule 9 of the Rules Governing Section 2254 Cases for Filing a Successive Petition and Respondent's Motion to Dismiss for Failure to State a Claim."[2]

---

1. Petitioner was convicted of armed robbery in June 1975 in the Circuit Court of Cabell County, West Virginia. He was sentenced to one hundred twenty-five (125) years imprisonment. The instant petition urges that 1) petitioner's sentence violates the proportionality principle; 2) petitioner was unconstitutionally deprived of his right to testify at trial; 3) petitioner was unconstitutionally deprived of effective assistance of counsel; 4) petitioner was unconstitutionally deprived of a fair trial as a result of prosecutorial misconduct during closing argument; and 5) petitioner was unconstitutionally restrained during his trial.

2. Respondent urges that petitioner's claims are insufficient on the merits and are also procedurally barred under Rules 9(a) and 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Upon review of the records submitted by the respondent, the Court found that one of the claims raised by petitioner in the instant habeas petition was previously presented and determined on the merits by the United States District Court for the Southern District of West Virginia and affirmed by the United States Court of Appeals for the Fourth Circuit. *Brewster v. Bordenkircher,* 767 F.2d 81 (4th Cir.1985) (en banc) (per curiam) (*Brewster II* ), vacating, *Brewster v. Bordenkircher,* 745 F.2d 913 (4th Cir.1984) (*Brewster I* ).[3] In addition, the Court concluded that the remaining claims raised in the instant petition had not been raised in the previous petition.

By Order entered April 20, 1995, the Court, pursuant to Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, directed the petitioner to show cause why his claim for relief based upon trial restraints should not be barred under the successive petition rule and to show cause why his other four claims for relief should not be barred under the delayed petitions rule and/or the abuse of writ rule.[4] On May 3, 1995, petitioner filed his responses on the Rule 9 forms which had been provided to him by the Clerk of Court.

On April 24, 1996, President Clinton signed into law the Anti–Terrorism and Effective Death Penalty Act of 1996 (the Act). Sections 101, 102, 104, and 106 of Title I of the Act amend existing statutory provisions 28 U.S.C. §§ 2244, 2253, and 2254.[5] Particularly important to this case, section 106(b)(3) of the Act interposed a "gatekeeping" mechanism into 28 U.S.C. § 2244 which requires application to the court of appeals for leave to file in the district court a second or successive habeas application. *Felker v. Turpin,* — U.S. —, —, 116 S.Ct. 2333, 2337, 135 L.Ed.2d 827, 836 (1996). The Act also created a one-year statute of limitation for bringing a section 2254 petition. 28 U.S.C. § 2244(d).

The courts have disagreed whether Title I of the Act applies to cases pending prior to the enactment of the Act. Congress expressly stated in section 107(c) of Title II of the Act that the new chapter 154 shall apply to capital cases pending on or after the date of enactment. Similar language does not appear in the Title I amendments to 28 U.S.C. §§ 2244, 2253, and 2254. Given the importance of this issue, the Court provided the parties with an opportunity to file memoranda of law addressing the applicability of the Anti–Terrorism and Effective Death Penalty Act of 1996 to the instant habeas proceeding.

On August 12, 1996, the respondent filed a memorandum of law in support of the retroactive application of section 106 of the Act. On August 13, 1996, petitioner filed his response indicating that retroactive application of the Act would be prejudicial to him.

The Court has carefully considered the retroactivity issue and concludes that the Act does not apply to the instant case. Congress specifically indicated that the section of the new law creating new procedures for habeas proceedings in capital cases applies to pending petitions. In the absence of parallel language in those sections amending the general habeas provisions of section 2254 and section 2255, it is unlikely that Congress intended the amendments to apply retroactively. Where no clear intent favoring retroactive application of a statute appears, courts

---

3. Relying upon the dissenting opinion in *Brewster I,* the Fourth Circuit, sitting en banc in *Brewster II,* determined that petitioner's constitutional rights were not violated when he was restrained in shackles during his trial. The dissenting opinion in *Brewster I* reflects that petitioner had a notorious reputation for violence and escapes.

4. The successive petition doctrine applies in cases where a claim was considered and rejected on the merits in an unsuccessful earlier proceeding. The abuse of writ rule applies to cases where a second § 2254 petition is filed which raises new claims not litigated on the merits in the previous section 2254 proceeding. *Kuhl-*

*mann v. Wilson,* 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986) (plurality opinion), *quoting, Sanders v. United States,* 373 U.S. 1, 15–19, 83 S.Ct. 1068, 1077–79, 10 L.Ed.2d 148 (1963). Under the delayed petition rule, a petition may be dismissed if a delay in filing has prejudiced the respondent's ability to respond to the allegations. *See, Vasquez v. Hillery,* 474 U.S. 254, 265, 106 S.Ct. 617, 624, 88 L.Ed.2d 598 (1986).

5. These provisions govern federal courts' consideration of state prisoners' petitions for writ of habeas corpus.

should hesitate to infer retroactivity. *See, Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).[6]

■ Nevertheless, petitioner must still overcome the procedural burdens imposed under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. There is no question that petitioner's shackles claim was previously considered and rejected on the merits. In his response filed on the Rule 9 forms, petitioner contends that he should be permitted to re-litigate this issue because his habeas counsel failed to file a petition for certiorari to the United States Supreme Court following the Fourth Circuit's en banc decision in 1985.

The Court believes that petitioner should have brought this matter to the attention of the Fourth Circuit many years ago or should have filed the petition for certiorari pro se. Even if the issue was not procedurally barred under Rule 9, this Court is still compelled to follow the decision of the en banc Fourth Circuit Court of Appeals in Brewster II, that is, the petitioner's constitutional rights were not violated by his being handcuffed during his trial.

■ The Court must now determine whether the petitioner's four remaining claims should be heard on the merits or whether they are procedurally barred for delay or abuse of the writ. The record reflects that petitioner's four additional claims were not litigated in the previous § 2254 proceeding which was brought in the Southern District and are, therefore, subject to dismissal.

In his response, petitioner does not address his failure to include the four additional claims in his first federal habeas petition

filed in the Southern District in March 1982.[7] It is presumed that habeas counsel for petitioner determined to pursue the shackles claim because of its serious constitutional import.

While it would appear that petitioner pursued the shackles claim without delay, petitioner has not explained the reason for the five-year delay between the Fourth Circuit's 1985 ruling in *Brewster II* and the filing of his first pro se petition in the West Virginia Supreme Court of Appeals in April 1990.[8] It is this five-year period of delay that the Court finds most objectionable.

Nevertheless, the respondent has not particularized any prejudice suffered as a result of the delay. It does not appear as if the State was prejudiced by the delay in presenting its defense during the state omnibus hearing, and, in fact, it does not appear as if the issue was raised in the State proceeding.

Respondent urges that he has been prejudiced by the delay because petitioner's primary trial counsel is now deceased, the presiding trial judge is now deceased, and many of the pertinent records are nonexistent or difficult to obtain. As the Court previously noted, the presiding trial judge, the Honorable Robert C. Conaty, died in the five-year interval between petitioner's June 1975 conviction and the September 1980 hearing on remand regarding the shackling issue; therefore, any prejudice to the respondent as a result of Judge Conaty's death is not caused by any alleged delay in bringing the instant petition.

Moreover, although trial counsel Lee died in 1986—after the Fourth Circuit's review of the initial federal petition was concluded—petitioner was also represented at his trial by co-counsel Chafin, who was available and tes-

---

6. See also, *Edens v. Hannigan,* 87 F.3d 1109, 1111 n. 1 (10th Cir.1996) and *Boria v. Keane,* 90 F.3d 36 (2d Cir.1996) (Antiterrorism and Effective Death Penalty Act is not retroactive in noncapital cases). But see, *Lindh v. Murphy,* 96 F.3d 856 (7th Cir.1996) (Act applies retroactively), *cert. granted in part,* —— U.S. ——, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

7. Petitioner did attempt to amend his first federal habeas petition to include the proportionality argument with regard to the length of his sentence. However, the motion to amend was de-

nied because petitioner had not exhausted his state remedies with regard to this claim.

8. Once petitioner was appointed habeas counsel by the Circuit Court of Cabell County in January 1991, any further delay was not the fault of petitioner—he repeatedly wrote to his counsel and to the circuit court requesting action on his pending case. Eventually, the State Supreme Court issued a writ to show cause in January 1992, and his state habeas petition proceeded in due course.

tified during the state omnibus hearing in December 1992. The respondent has failed to direct the Court's attention to any specific prejudice it has or will suffer by the unavailability of Mr. Lee.

Finally, the respondent has not been able to demonstrate prejudice resulting from unavailable files or records. It would appear that respondent has located all files relevant to the four additional issues which petitioner now seeks to raise. Inasmuch as a showing of prejudice must be particularized, *Alexander v. State of Md.*, 719 F.2d 1241, 1246 (4th Cir.1983), the Court does not believe that the instant petition is barred by the delayed petition rule.

■ In addressing the issue of abuse of the writ, petitioner must show cause for failing to raise the claims and actual prejudice therefrom. *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). In this case, petitioner claims ignorance and unfamiliarity with the law. However, such a claim does not insulate him from abuse of the writ preclusion. *Miller v. Bordenkircher,* 764 F.2d 245, 251 (4th Cir.1985).

■ Moreover, the fact that these claims could not have been heard in the initial federal petition because petitioner had failed to present them to the state court does not establish cause. A petition may still be dismissed for abuse of writ even if the petitioner had failed to exhaust state remedies before filing the prior federal petition. *Clanton v. Muncy,* 845 F.2d 1238, 1241 n.* (4th Cir.1988).

■ Finally, it has also been established that cause cannot be established by asserting that habeas counsel failed to include the grounds in the prior petition. Counsel error constitutes cause only where it rises to a level of constitutionally ineffective assistance of counsel. Because there is no constitutional right to counsel in a federal habeas corpus proceeding, there can be no constitutionally

ineffective assistance and petitioner cannot establish cause. *Noble v. Barnett,* 24 F.3d 582 (4th Cir.1994); *United States v. MacDonald,* 966 F.2d 854, 859 n. 9 (4th Cir.1992).

With the exception of the proportionality claim, it is apparent that petitioner has failed to demonstrate cause for his failure to include the remaining grounds in his prior federal petition.[9] Accordingly, the Court will find that the abuse of writ rule bars consideration of the following claims: that petitioner was unconstitutionally deprived of his right to testify at trial; that petitioner was unconstitutionally deprived of effective assistance of counsel; and that prosecutorial misconduct during closing argument deprived petitioner of a fair trial and violated the Fifth Amendment. Out of an abundance of caution, the Court will, nevertheless, address all four issues on the merits.

■ The petitioner contends that his 125–year sentence is constitutionally disproportionate. Although the majority of the United States Supreme Court does not agree on the extent to which the Eighth Amendment requires that a sentence be proportionate to the crime, strict proportionality is not constitutionally required. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).[10] A comparison of the gravity of the offense and harshness of penalty, sentences imposed for other crimes in the same jurisdiction, and sentences imposed for that crime in other jurisdictions which was required in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), is not required for sentences which are less than life without parole. *United States v. Francois,* 889 F.2d 1341 (4th Cir.1989). Given the facts surrounding the armed robbery for which petitioner was convicted, his violent criminal history, and the potential that he would commit future violent crimes, the Court does not find an inference of gross disproportionality.

---

**9.** *McCleskey* does not apply where prior petition was dismissed without prejudice. *See, Woods v. Whitley,* 933 F.2d 321, 322 n. 1 (5th Cir.1991). Although Judge Staker's June 1983 Order does not expressly address the issue, it is apparent that dismissal of the prior petition would be without prejudice to re-filing as to the propor-

tionality issue once the exhaustion requirement was satisfied.

**10.** Sentence of life without parole for possession of 672 grams of cocaine not grossly disproportionate.

■■■ The petitioner also claims that he was unconstitutionally deprived of his right to testify at trial. The Sixth and Fourteenth Amendments guarantee the accused a right to testify on his own behalf. *Rock v. Arkansas,* 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). However, the trial court is not constitutionally required to advise the defendant of that right and secure a waiver on the record. *United States v. McMeans,* 927 F.2d 162 (4th Cir.1991).

Petitioner's third ground for relief is based upon ineffective assistance of trial counsel. He contends that trial counsel's performance was deficient by failing to preserve identification issues for appeal; by failing to move for a mistrial on the basis of a false ballistics report; by failing to speak on petitioner's behalf at sentencing; by wrongfully denying petitioner the opportunity to testify at trial; and by failing to object to prejudicial prosecutorial misconduct.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that an accused brought to trial in any state or federal court is afforded the right to assistance of counsel. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Included in the right to counsel is the right to the "effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970).

In determining whether an accused received adequate assistance of counsel, the petitioner must first show that trial counsel's representation fell below an objective standard of reasonableness and then must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■■■ Given all matters of record, the Court finds that petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness, and it is equally as clear that the result of the proceeding would not have been different if counsel had raised the objections that petitioner now claims he should have made. Therefore, petitioner cannot prevail on his claim of ineffective assistance of counsel.

■■■ In his final ground for relief, petitioner claims that he was unconstitutionally prejudiced by the remarks of the prosecutor during his trial. Petitioner appears to raise two constitutional issues. First he suggests that, during closing arguments, the prosecutor improperly commented on the petitioner's failure to testify, thereby, violating the petitioner's Fifth Amendment right against self-incrimination.[11] Secondly, petitioner urges that the cumulative effect of prejudicial statements made by the prosecutor during the trial deprived petitioner of a fair trial.

The instant petition does not cite specific statements made by the prosecutor. In his petition, petitioner has merely attached the brief which habeas counsel presented to the West Virginia Supreme Court of Appeals following the state circuit court's denial of petitioner's state petition for a writ of habeas corpus. The portion of the brief addressing the issue of prosecutorial misconduct is very general and cites to no specific improper statements made by the prosecutor.

The Court has, nevertheless, reviewed the Amended Petition and the supporting brief filed by habeas counsel in the Circuit Court of Cabell County in July 1992. (Ex. 13 to Respondent's 2/1/95 Memorandum of Law). The specific instances cited therein do not demonstrate that the prosecutor improperly commented on the defendant's failure to testify at trial. Moreover, the Court cannot find that the cumulative effect of the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986), *quoting, Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Having now addressed all grounds for relief raised by the petitioner's motion brought under 28 U.S.C. § 2254, it is

---

11. A prosecutor may not comment on a defendant's failure to testify at trial. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

ORDERED that respondent's Motion for Summary Judgment be, and the same is hereby, **GRANTED.** It is further

ORDERED that the Clerk shall enter judgment for the respondent. It is further

ORDERED that the above-styled habeas action be, and the same is hereby, **DIS-MISSED** with prejudice and **STRICKEN** from the docket of the Court. It is further

ORDERED that, if petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4, Federal Rules of Appellate Procedure. The notice of appeal should also include a request for a certificate of appealability which is required for an appeal by 28 U.S.C. § 2253, as amended April 24, 1996. These papers should be submitted in duplicate.