**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD DRYDEN,

    Defendant-Appellant.

No. 97-3280
(D.C. No. 96-3241-JWL)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Edward Dryden ("Dryden") was convicted of violating 18 U.S.C. § 846 and

was sentenced to 292 months of imprisonment. (R. 312 at 1-2.) In this motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (West Supp.

1997), Dryden argues that he was denied his right to testify on his own behalf;

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
*res judicata*, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

that he was denied the effective assistance of counsel when his counsel failed to inform Dryden that it was Dryden's choice whether he should testify in his own defense, advised Dryden not to testify, and then rested without calling Dryden to testify; and that trial courts should be required to hold an on-the-record hearing to determine whether a defendant knowingly waives his right to testify.[1] The district court denied Dryden's § 2255 motion (R. 337 at 12) and then denied his motion to reconsider the denial. (R. 348 at 4.) It granted him a certificate of appealability only on the question of ineffective assistance of counsel.[2] (Id. at 8.)

Whether the defendant's counsel was constitutionally ineffective is a mixed question of law and fact that we review de novo. See United States v. Prows, 118 F.3d 686, 691 (10th Cir. 1997). Under the standard laid out by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 688, 694 (1984), Dryden must show

---

[1] Dryden's motion before the district court alleged additional grounds for relief (see R. 314 at 6-7, R. 315 at 21-27), but we confine our analysis to the three grounds argued in his appellate brief.

[2] A defendant must make "a substantial showing of the denial of a constitutional right" to obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (West Supp. 1997). As discussed below, we grant a certificate of appealability on the issue whether trial courts must hold an on-the-record hearing to determine whether a defendant wishes to testify. However, Dryden has not made the necessary showing regarding his claim that he was denied his right to testify, and so we deny a certificate of appealability as to this claim. Dryden does not claim that the court refused to let him testify; rather, his right to testify claim depends on his relationship to counsel and the advice counsel gave him. Consequently, that claim is, under these circumstances, subsumed by the ineffective assistance claim.

that "counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Dryden has not made a sufficient showing that "the result of the proceedings would have been different" had he testified on his own behalf. His submissions to the district court do not state specifically what his testimony would have been.[3] Without knowing what Dryden would have testified to, it is impossible to determine that if Dryden had testified there is a reasonable probability that he would have been acquitted. Because Dryden has failed to show prejudice from counsel's actions, we need not consider whether counsel's performance fell below the standard for a reasonable attorney. See Prows, 118 F.3d at 693.

---

[3] On appeal Dryden argues that he made a proffer of his testimony. (See Aplnt's Br. at 19.) In support, he quotes a traverse he states he filed in the district court. (See id.) The district court docket, however, does not reflect Dryden filed a traverse. (R. Dist. Ct. Docket, at 18-20.) Neither the district court's order nor Dryden's motion to reconsider that order refers to the traverse. (R. 337, 340.) Moreover, Dryden has not provided us with a copy of the traverse showing that it had been filed below with the district court. Consequently, we have no record to support any allegations attributed to the traverse and, thus, we disregard those allegations. We do not consider materials not presented to the district court. See Reid v. Oklahoma, 101 F.3d 628, 630-31 (10th Cir. 1996) ("As a court of review, we may examine additional documents culled from the district court file and consider new legal authority, but we may not enlarge the evidentiary record to include material unavailable to the district court . . . ."), cert. denied, 117 S. Ct. 1707 (1997).

Dryden also contends that trial courts must conduct an on-the-record hearing regarding the defendant's waiver of the right to testify on his or her own behalf. Because we are not certain this issue is entirely settled in this circuit, we grant Dryden a certificate of appealability on the question whether a trial court must conduct an on-the-record hearing if the defendant chooses not to testify.

Other courts have cited United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983), for the proposition that a trial court is not required to conduct an on-the-record hearing where an accused decides not to testify. See, e.g., Brown v. Artuz, 124 F.3d 73, 78-79 (2d Cir. 1997), cert. denied, _ S. Ct. _, 1998 WL 70413 (U.S. Feb. 23, 1998). We note that in Janoe, however, the district court did hold a hearing out of the presence of the jury. See Janoe, 720 F.2d at 1161 n.9. During that proceeding the defendant's attorney told the court that he and the defendant had discussed the matter and the defendant had decided not to testify, and the defendant failed to contradict the attorney's statement. See id. We held that "in circumstances of this sort" the trial court is not required to investigate the defendant's decision not to testify. See id. at 1161.

The majority of other courts, however, have held that a trial court generally is not required to inquire into the defendant's decision not to testify, at least in the absence of specific circumstances that might trigger an inquiry. See, e.g., Brown, 124 F.3d at 78-79; United States v. Thompson, 944 F.2d 1331, 1345 (7th

Cir. 1991); United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991) (per curiam); United States v. Edwards, 897 F.2d 445, 446 (9th Cir. 1990); see also Lisa A. Wenger, Annotation, Necessity That Waiver Of Accused's Right To Testify In Own Behalf Be On The Record, 90 ALR4th 587 (1991 & Supp. 1997) (collecting cases). The record shows no such circumstances here that might trigger the need for an in-court inquiry about Dryden's decision not to testify, and we see no reason to disagree with the weight of authority.

The judgment of the district court denying Dryden's § 2255 motion is AFFIRMED. Dryden's motion to supplement the record on appeal is DENIED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge