**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4269**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JOHN MOWAD JOHNSON,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:09-cr-00309-FL-2)

———————

Submitted:  January 31, 2012      Decided:  February 9, 2012

———————

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Ferris R. Bond, BOND & NORMAN, Washington, D.C., for Appellant.
Thomas G. Walker, United States Attorney, Jennifer P. May-
Parker, Kristine L. Fritz, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Johnson was convicted by a jury of both counts of an indictment charging him with conspiracy to distribute cocaine and distribution of cocaine, in violation of 21 U.S.C. §§ 841, 846 (2006). The district court sentenced Johnson to 28 months imprisonment on each count, to run concurrently. Johnson noted a timely appeal in which he claims, first, that the district court erred by failing to, sua sponte, inquire whether his failure to testify on his own behalf was knowing and voluntary. Second, Johnson asserts that his sentence is unreasonable. Finding no error, we affirm.

The facts presented at trial established the following. In September 2008, Johnson acted as a "middle man" in a cocaine transaction between his co-defendant Edgar Staton and Alpha Privette, a confidential informant for the Raleigh, NC, Police Department. Privette testified that he had first met Johnson the month prior after selling him (Johnson) a car through Craigslist. Johnson offered to obtain cocaine for Privette if he so desired. Afterward, Privette began cooperating with the Raleigh police and called Johnson to set up a controlled purchase of two ounces of cocaine; he and Johnson arranged to meet and then proceeded to Johnson's auto parts business together. Once inside, Privette testified that Johnson showed him the bag with cocaine but, because it was more than

2

the two ounces that Privette wished to purchase, Johnson left to retrieve a scale. He returned a short time later with his co-defendant Edgar Staton. Johnson weighed the cocaine on the scale, gave it to Privette, who handed $2000 cash to Johnson. Johnson then gave the money to Staton. Johnson and Staton were immediately arrested.

The jury returned a guilty verdict as to both counts. The presentence report (PSR) held Johnson accountable for a total of 54.6 grams of cocaine, resulting in a base offense level of 16. With a criminal history category of III, the recommended advisory Guidelines range was 27 to 33 months imprisonment. The district court adopted the presentence report and imposed a within-Guidelines sentence of 28 months on each count, to run concurrently. Johnson noted a timely appeal.

Johnson first argues that the district court failed to sua sponte inquire into whether Johnson's failure to testify on his own behalf was a knowing, voluntary, and intelligent waiver of his right to do so. Because he failed to raise this issue below, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We find no error--plain or otherwise.

First, Johnson was advised during his arraignment of his right to testify and present evidence at trial. Second, there is no affirmative duty on a district court to obtain an

3

on-the-record waiver of a defendant's right to testify. See United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991); see also Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) ("[T]rial counsel, not the court, has the primary responsibility for advising the defendant of his right to testify and for explaining the tactical implications of doing so or not.").

Johnson argues nonetheless that, under "exceptional circumstances," the district court has to duty to make an on-the-record inquiry to determine if a defendant's decision not to testify is knowingly and intelligently made. We find no such circumstances on the record before us.

Johnson also challenges the reasonableness of his sentence. Specifically, he asserts that he was a minor participant in the offense and should have been sentenced accordingly; that his sentence is unjustly harsh as compared with Staton; and that he should have received credit for time served pretrial on state criminal charges arising out of the same conduct.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In determining the procedural reasonableness of a sentence, we

4

consider whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence imposed within the properly calculated Guidelines range is presumed reasonable by this court. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). We find that the sentence imposed by the district court was both procedurally and substantively reasonable.

Johnson argues that he should have received a four-level reduction for having a minimal role in the offense. Under U.S. Sentencing Guidelines Manual (USSG) § 3B1.2(a)-(b) (2010), a defendant who is a "minimal participant" in criminal activity may have his offense level reduced by four levels, and a defendant who is a "minor participant" may have his offense level reduced by two levels. Cases falling between subsections (a) and (b) warrant a three-level reduction. USSG § 3B1.2. Role adjustments are determined on the basis of the defendant's relevant offense conduct. United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990). In deciding whether the defendant played a minor or minimal role, the "critical inquiry is . . . not just whether the defendant has done fewer bad acts

5

than his co-defendants, but whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation marks omitted).

The district court denied Johnson's motion for a reduction in his offense level based on his role in the offense, "given [Johnson's] integral involvement in the commission of the offense. . . . [he] arranged the controlled purchase, conducted a transaction at his business, brought cocaine to the meeting, served as an intermediary for payment. . . . the role that he played was essential for the commission of the offense." Because the district court properly found that Johnson's conduct was "material or essential to committing the offense," the court did not err in denying his motion for a reduction in his offense level.

Johnson also argues that his sentence is unreasonable because he received a harsher sentence than his co-defendant (who received only an 11-month sentence.) The statutory sentencing factors that a district court must consider in selecting a sentence include "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6) (West 2000 & Supp. 2006). A disparity in the length of sentences received by co-defendants is not a

6

permissible ground for a departure from the Guideline range, absent prosecutorial misconduct such as manipulating Guideline factors. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996). Johnson does not allege that any sentencing manipulation by the Government created a sentencing disparity. Moreover, Staton pled guilty and, therefore, is "not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir.) (internal quotations omitted), cert. denied, No. 10-10894, 2011 WL 4532052 (Oct. 3, 2011).

Finally, Johnson claims that he should have received credit for time served in state custody. Because he raises this issue for the first time on appeal, we review it for plain error. Olano, 507 U.S. at 732. Under 18 U.S.C. § 3585(b) (2006), the defendant shall receive credit for any time spent in detention before this date: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." The Supreme Court has held that § 3585(b) does not authorize a district court to award such credit in the first instance; rather, the Attorney General, through the Bureau of Prisons, is authorized to compute credit due under the statute. United States v. Wilson, 503 U.S. 329,

7

333-35 (1992). Therefore, the district court did not plainly err in failing to award credit for time Johnson served in state custody.

We find that Johnson's sentence is both procedurally and substantively reasonable. Accordingly, we affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED