**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4628**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GABRIEL DANIEL MORRISON MITCHELL, a/k/a G,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, District Judge.  (4:12-cr-00010-MSD-LRL-2)

———————

Submitted:  August 29, 2014     Decided:  September 16, 2014

———————

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randall D. Unger, LAW OFFICE OF RANDALL D. UNGER, Bayside, New York, for Appellant.  Dana J. Boente, United States Attorney, Howard J. Zlotnick, Brian J. Samuels, Assistant United States Attorneys, Newport News, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gabriel Daniel Morrison Mitchell of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2012); interference with commerce by robbery, in violation of 18 U.S.C. § 1951; carjacking, in violation of 18 U.S.C. § 2119 (2012); and possessing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Mitchell to a term of 260 months' imprisonment. On appeal, Mitchell asserts that the district court erred in admitting testimony in violation of Fed. R. Evid. 608(a); the Government improperly cross-examined a defense witness about another witness's credibility; the Government made improper remarks during closing argument; the district court erroneously refused to read back a portion of the testimony as requested by the jury; and the district court failed to ensure that Mitchell knowingly and voluntarily waived his right to testify. Finding no merit in Mitchell's arguments, we affirm.

A.

We review a district court's evidentiary rulings for abuse of discretion and will only overturn rulings that are arbitrary and irrational. United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012). Further, evidentiary rulings are subject to harmless error review; an error is harmless when we can say

2

"with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (internal quotation marks omitted). We conclude, based on the record, that any opinion testimony presented in violation of Rule 608(a) was harmless.

B.

In asserting error by the Government in its cross-examination of Mitchell's codefendant, Antonio McGhee, Mitchell acknowledges that our review is for plain error. Under this standard of review, Fed. R. Crim. P. 52(b) "authorizes an appeals court to correct a forfeited error only if (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights." Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (internal quotation marks and brackets omitted). Because Rule 52(b) is permissive, we will correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1126-27 (internal quotations marks and brackets omitted).

Appellate courts have held that it is inappropriate for counsel to ask one witness whether another witness is lying because "[s]uch questions invade the province of the jury and force a witness to testify as to something he cannot know, i.e.,

3

whether another is intentionally seeking to mislead the tribunal." United States v. Harris, 471 F.3d 507, 511 (3d Cir. 2006) (collecting cases). Here, the Government did not ask McGhee whether another witness was "lying" or otherwise force him to testify to something about which he could not know. Rather than seeking to invade the jury's province, the Government's questions highlighted the fact that credibility determinations were for the jury to decide. In any event, we conclude that Mitchell fails to establish plain error. See United States v. Beasley, 495 F.3d 142, 149 (4th Cir. 2007) (finding no plain error in absence of controlling precedent).

## C.

Although we have held that error that is plain occurs when a prosecutor states that a defendant has lied under oath, see United States v. Woods, 710 F.3d 195, 203 (4th Cir.), cert. denied, 134 S. Ct. 312 (2013), we will reverse a conviction based on improper prosecutorial remarks only if "the remarks were, in fact, improper, and . . . the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Chong Lam, 677 F.3d 190, 209 (4th Cir. 2012) (internal quotation marks omitted). In assessing prejudice, we consider

> (1) the degree to which the prosecutor's remarks have
> a tendency to mislead the jury and to prejudice the
> accused; (2) whether the remarks were isolated or

4

extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

United States v. Wilson, 624 F.3d 640, 656–57 (4th Cir. 2010). These factors are to be viewed in the context of the trial as a whole, and no single factor is dispositive. United States v. Lighty, 616 F.3d 321, 361 (4th Cir. 2010). Our assessment of the record in light of the above factors leads us to conclude that Mitchell was not so prejudiced by the prosecutor's problematic remarks that he was denied a fair trial.

D.

Mitchell complains that the trial court refused the jury's request during deliberation to have the testimony of two witnesses read back to it. We review a district court's response to a jury request for abuse of discretion. United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007). Although the trial court has wide discretion to allow rereading of trial testimony, it is disfavored because the jury might accord that testimony undue emphasis. See United States v. Rodgers, 109 F.3d 1138, 1143-44 (6th Cir. 1997). Here, the district court denied the jury's request precisely for this reason, and we conclude that the district court did not abuse its discretion.

5

Finally, Mitchell argues that the district court failed to fully inquire into whether Mitchell's decision not to testify on his own behalf was a knowing and voluntary waiver of his right to do so. Because he failed to raise this issue below, our review is for plain error. See Henderson, 133 S. Ct. at 1126-27 (providing standard). We find no error, plain or otherwise, as there is no affirmative duty on a district court to obtain an on-the-record waiver of a defendant's right to testify. See United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991); see also Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) ("[T]rial counsel, not the court, has the primary responsibility for advising the defendant of his right to testify and for explaining the tactical implications of doing so or not.").

Based on the foregoing, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED