UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Chafin and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DANO JOSEPH ARMSTRONG, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1775-15-1          JUDGE RUDOLPH BUMGARDER, III
                                                    NOVEMBER 22, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Timothy S. Fisher, Judge

Joshua A. Goff (Goff Voltin, PLLC, on brief), for appellant.

J. Christian Obenshain, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Dano Joseph Armstrong, Jr. appeals his conviction of possession of marijuana with the

intent to distribute, third or subsequent offense, Code § 18.2-248.1(A)(2).  He asserts that he was

denied his constitutional right to testify in his own behalf at trial.  Concluding the trial court did not

err, we affirm.

The defendant's vehicle was stopped by police, and he consented to a search which led to a

charge of possession of marijuana with intent to distribute.  The defendant moved to suppress the

items seized during the search of the vehicle.  At the suppression hearing, he testified that the car he

was driving did not belong to him and that he did not consent to the search.  He also stated that,

upon the officers telling him they had "found something" in the vehicle, he responded, "Not mine."

He stated he had never seen the blue container, which contained a large quantity of marijuana, until

he arrived at jail.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Chrissy Cooper-Love, a bystander at the scene of the stop, testified for the defendant that he told the officers that the car was not his. She also noted that the defendant consented to a search of his person. When the officers asked the defendant for permission to search the vehicle, he stated that the vehicle did not belong to him.

The trial court denied the defendant's motion to suppress.[1] It then proceeded to try the defendant. The parties incorporated the testimony they presented at the suppression hearing into the trial. The Commonwealth presented additional testimony before resting. Defense counsel then stated, "Judge, you've heard the defense evidence in this case." He moved to strike the evidence, and the trial court denied the motion. The trial court again asked defense counsel if he had any further evidence, and defense counsel responded, "No further evidence, Your Honor."

The trial court found the defendant guilty and continued the case for sentencing. Five months later, new counsel filed a motion to vacate and to grant a new trial alleging the defendant was denied his right to testify.[2] On November 3, 2015, the parties appeared for sentencing and to be heard on the defendant's motion.

The defendant testified in support of his motion. He stated that he had been hospitalized in 2013 and that he was using marijuana for medical reasons. He wanted to testify at trial about his medical condition to explain why he possessed the marijuana and why he needed such a large quantity for his personal use. He told counsel immediately prior to trial that he wanted to testify and was surprised when his attorney rested without calling him to testify. The defendant acknowledged he testified in support of his motion to suppress, but noted that he did not feel he could address the

---

[1] The defendant's other assignment of error in his petition for appeal with regard to the denial of the suppression motion was denied by this Court on April 19, 2016.

[2] When the defendant moved to vacate his conviction, he asked only for a new trial. He did not ask that final judgment be rendered in his behalf, as he does on appeal.

trial judge directly about his desire to testify regarding his medical condition and his use of the marijuana for medical purposes. The trial court denied the defendant's motion.

On appeal, the defendant contends the trial court erred by denying his motion to vacate the guilty verdict and to grant him a new trial because his trial counsel waived his right to testify against his wishes.[3] The defendant first argues he was deprived of his right to testify on his own behalf. Secondly, he argues he was deprived of that right because the trial court did not inquire of him directly whether he was waiving his right to testify.

We apply a *de novo* standard of review because the defendant asserts that he was deprived of his constitutional right to testify on his own behalf. See Gallagher v. Commonwealth, 284 Va. 444, 449, 732 S.E.2d 22, 24 (2012) (citing Montgomery Cty. v. Va. Dep't of Rail & Pub. Trans., 282 Va. 422, 435, 719 S.E.2d 294, 300 (2011)).

The defendant testified at the suppression hearing. He testified that he had no knowledge of the marijuana recovered from the vehicle and that the vehicle did not belong to him. He asserted that the marijuana in the car was not his. He called a witness to corroborate his testimony. Because the parties agreed to incorporate that testimony into the trial proceedings, the defendant placed his testimony into the trial of the case-in-chief. Additionally, counsel advised the trial judge that the defendant had no further evidence to offer at the conclusion of the guilt phase. Thus, the defendant did testify at his trial.

Nevertheless, the defendant maintains that his right to testify was unconstitutionally denied because he wanted to testify further and the trial court failed to ask him if he had

---

[3] The defendant does not raise an ineffective assistance counsel claim, nor do we have the authority to entertain such a claim. See Walker v. Mitchell, 224 Va. 568, 570, 299 S.E.2d 698, 699 (1983) (holding that an ineffective assistance of counsel claim is not "cognizable on direct appeal from a criminal conviction").

additional testimony to offer.[4]  The trial court had no obligation to engage in a colloquy with the defendant regarding whether he was waiving that right.  While "it is the defendant who retains the ultimate authority to decide whether or not to testify[,]" United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991) (citing Jones v. Barnes, 463 U.S. 745, 751 (1983)), "there is no affirmative duty on a [trial] court to obtain an on-the-record waiver of a defendant's right to testify," United States v. Mitchell, 584 Fed. Appx. 44, 46-47 (4th Cir. 2014) (citations omitted).

"[I]t would be inappropriate to require the trial court to discuss this choice with the defendant.  Such a requirement would unnecessarily intrude into the attorney-client relationship and could unintentionally influence the defendant in his or her choice."  United States v. Teague, 953 F.2d 1525, 1533 n.8 (11th Cir. 1992) (citation omitted).  "[T]rial counsel, not the court, has the primary responsibility for advising the defendant of his right to testify and for explaining the tactical implications of doing so or not."  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998).

We conclude the defendant exercised his constitutional right to testify when he presented his testimony from the suppression hearing as his testimony at trial by offering it into evidence during the trial.  His right to testify was not violated by his failure to present further testimony at trial.  We hold that the trial court had no obligation to engage in an on-the-record examination of the defendant to determine whether he was waiving his right to testify.  The trial court was entitled to rely upon defense counsel's representation that the defendant was presenting no

---

[4] The defendant wanted to testify further that the marijuana belonged to him and that he was taking it for medicinal purposes.  The trial court observed that such testimony would have been in conflict with his prior testimony that the marijuana was not his and that he had no knowledge of its presence in the vehicle.  The trial court noted that, by not testifying further at trial, the defendant avoided committing perjury.  The right to testify on one's behalf is not without limits.  Rock v. Arkansas, 483 U.S. 44, 55 (1987).  A defendant does not have a constitutional right to commit perjury.  United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003) ("[T]he right to testify clearly does not include the right to commit perjury." (quoting United States v. Teague, 953 F.2d 1525, 1530 (11th Cir. 1992) (en banc))).

further evidence on his behalf other than the evidence presented at the suppression hearing and incorporated into the trial.

Accordingly, we affirm.

<u>Affirmed.</u>