**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eddie EDWARDS, Defendant–Appellant.**

**No. 88–1116.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1989.

Decided March 2, 1990.

Michael J. Addis, Addis and Sherman, Tucson, Ariz., for defendant-appellant.

Jerry R. Albert, Asst. U.S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before CHAMBERS, CANBY and NORRIS, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Eddie Edwards, a federal prisoner, appeals the district court's denial of his motion for a new trial. Edwards contends that he was deprived of his constitutional right to testify on his own behalf when his attorney waived his right to testify without consulting him. We affirm.

I

On April 29, 1987, Edwards, an Apache Indian, was indicted by a federal grand jury on the charge that he had raped a woman on the San Carlos Indian Reservation in violation of 18 U.S.C. §§ 1153 and 2031. He was convicted by a jury after a three-day trial at which he did not testify.

Approximately one month after the trial, the district court received a copy of a letter written by Edwards to the United States Probation Department in Tucson, Arizona, in which he complained about receiving ineffective assistance of trial counsel. The letter included a claim that his trial counsel, David Gerson, refused to allow Edwards to testify on his own behalf. Following this letter Edwards made a motion for relief requesting a new trial pursuant to 28 U.S.C. § 2241 and/or § 2255. An evidentiary hearing was held on December 21, 1987.

At the hearing on the motion for a new trial, Edwards testified that he had told Gerson he wanted to testify. Gerson testified that because Edwards simply said "I testify," without using any other verbs, he was not aware that any demand was being made by Edwards. He also testified that he made the decision not to call Edwards without consulting Edwards, and that he

conveyed the decision to the trial judge in chambers, out of the presence of Edwards. The trial court denied the motion on January 5, 1988.

On March 7, 1988, the trial court sentenced Edwards to 22 years of imprisonment. Edwards timely appealed.

II

The sole issue raised by Edwards on appeal is his contention that his attorney's decision not to call him as a witness deprived him of his constitutional right to testify on his own behalf. Edwards concedes that he never informed the court of his desire to testify, but argues that his failure to do so did not constitute a waiver of the right.

Our analysis is guided by our Circuit's recent decision in *United States v. Martinez*, 883 F.2d 750 (9th Cir.1989), in which we rejected a claim very similar to the one now before us. In *Martinez*, we "join[ed] other circuits and the majority of states in concluding that the court has no duty to advise the defendant of his right to testify, nor is the court required to ensure that an on-the-record waiver has occurred. The defendant's conduct provides a sufficient basis from which to infer that the right to testify has been waived." *Id.* at 760. The "conduct" from which we inferred this waiver was the defendant's silence in the face of his attorney's decision not to call him.

This case is not entirely controlled by *Martinez*, because in *Martinez* the defendant "knew he had a right to be heard if he chose," *id.* at 761, while in the present case Edwards contends that he was unaware of this right. There is some suggestion in *Martinez* that this distinction is significant—*Martinez* states that "to waive his right all that [the defendant] needed to know was that the right existed," *id.*, thereby implying that if the defendant had not known the right existed he might not have been able to waive it.

Nonetheless, we think the broader reasoning of *Martinez* applies equally to this case. Here, as in *Martinez*, the defendant's attorney made a tactical decision not

to have his client testify. Neither the prosecution nor the court was given any reason to think the defendant desired to testify. In such circumstances, "[t]o hold that a defendant may abide by his lawyer's advice and not take the stand and then invalidate the trial because he so acted is not fair to the government." *Id.*

*Martinez'* broad rule that the court has no duty sua sponte to advise a defendant of his right to testify would be meaningless if it were possible for defendants to obtain new trials simply by claiming ignorance of the right. As a practical matter, courts would be forced to inform defendants of the right so as to avoid a post-hoc invalidation of the entire trial.* We decline to undermine *Martinez* in this fashion. We therefore hold that Edwards' silence at trial effectively waived his right to testify on his own behalf.

AFFIRMED.

---

* We noted in *Martinez* that a sua sponte decision by the court to advise a defendant of his right to testify is not without its costs. Among these are the concerns that "by advising the defendant of his right *to* testify, the court could influence the defendant to waive his right *not to* testify," and that "a court so advising a defendant might improperly intrude on the attorney-client relation, protected by the Sixth Amendment." *Id.* at 760 (emphasis in original).