967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allan E. SERPA, Petitioner-Appellant,
v.
Robert BORG, Respondent-Appellee.
 No. 90-56311.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen E. Serpa, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Serpa was convicted following a jury trial of first-degree murder, robbery, burglary, and forcible penetration by a foreign object and was sentenced to life imprisonment without the possibility of parole. He contends that he was denied his right to testify at his trial and that the trial court should have conducted an on-the-record inquiry as to whether he knowingly waived his right to testify. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * Facts
 
 
 4
 After the prosecution presented its case, the trial court asked Serpa's attorney whether he was ready to proceed. The attorney replied, "I have no witnesses for today. I'm not saying that I will have witnesses tomorrow. I'm considering whether I'm going to put on a defense."
 
 
 5
 The next day, the defense rested without putting on a defense. The jury was excused, and the parties and the court discussed the jury instructions. The prosecutor then asked the court if he could confer with the defense counsel. The transcript then reads as follows:
 
 
 6
 (Discussion held off the record between Mr. Pregerson [prosecutor] and Mr. Demby [defense counsel].
 
 
 7
 (The following proceedings were held at the bench:)
 
 
 8
 Mr. Pregerson: What I just mentioned to Mr. Demby is that there is some line of authority that indicates the choice as to whether or not the defendant is going to take the stand. [sic] It's the defendant's choice and not the lawyer's choice. Some judges indicate that and ask the defendant if the defendant wants to take the stand.
 
 
 9
 The Court: Too late for that.
 
 
 10
 Mr. Pregerson: We can reopen just for that purpose. On appeal they sometimes contend--they say, "I didn't have a choice. My lawyer made me to [sic] this."
 
 
 11
 The Court: Do you wish to be heard?
 
 
 12
 Mr. Demby: Your honor, I think actually it's the attorney's decision whether a person testifies or not. The person has a right against this right. I can't force him to testify. But the fact if he testifies, I think it's my decision. The defense has rested and I think it's too late to open again.
 
 
 13
 The Court: I'm not going to inquire.
 
 
 14
 Mr. Pregerson: Some courts do inquire.
 
 
 15
 The Court: I don't. I did not.
 
 
 16
 Mr. Pregerson: I just thought I would mention that. Very well.
 
 
 17
 The Court: Okay.
 
 
 18
 The court then recalled the jury, and the parties made their closing arguments.
 
 
 19
 During the evidentiary hearing held in the district court, Serpa and his trial attorney testified as follows.
 
 
 20
 Serpa stated that he told his attorney that he wanted to testify. He further stated that he and his attorney had agreed that he would testify. He also stated that he argued with his attorney about testifying after his attorney rested without putting on a defense. He stated that after that argument, the prosecutor brought the matter to the attention of the court, and the colloquy reproduced above took place. He further stated that he did not know that he had the right to testify. He stated that if he had been allowed to testify, he would have testified that he was not the person who beat the victim to death and was not in the room when she was killed. He also stated that he had provided his version of the events to his defense counsel.
 
 
 21
 The defense counsel confirmed that Serpa had provided him with his version of the events. He also testified that he told Serpa that he, not Serpa, would make the final decision as to whether Serpa would testify. He further stated that he did not believe that he had told Serpa that he had a right to testify if he wanted to. He also stated that
 
 
 22
 I don't believe there is necessarily a right to testify. I think one of the purposes of having an attorney is to be able to rely on the attorney's expertise and experience and judgment.
 
 
 23
 Now, in some cases it may come down to making that type of decision. Unfortunately, that was not the situation there, unfortunately.
 
 
 24
 He further stated that he and Serpa had discussed whether Serpa would testify and that they both agreed Serpa would not testify. He stated that they had discussed the pros and cons of testifying and that Serpa told him he did not want to testify. He denied that they had an argument during the trial as to whether Serpa would testify.
 
 
 25
 The magistrate judge subsequently issued a report and recommendation and found in part that
 
 
 26
 Both petitioner and his attorney testified to discussing whether or not he should testify on several occasions. Petitioner maintained that he had told the lawyer that he wanted to testify. The attorney maintained that the petitioner had indicated that he did not want to testify. The Magistrate believes the testimony of the attorney, not that of the petitioner, and concludes that the petitioner did not wish to testify and so informed the attorney. Petitioner waived his right to testify.
 
 
 27
 The magistrate judge also found that Serpa never complained to the trial court that he was denied the right to testify. The district court subsequently adopted the magistrate judge's findings and recommendations in full and dismissed the petition. Serpa timely appeals.
 
 II
 Standard of Review
 
 28
 We review the district court's denial of a section 2254 habeas petition de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We review for clear error any factual findings made by the district court in deciding the petition. Hayes v. Kincheloe, 784 F.2d 1434, 1436 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987).
 
 III
 Merits
 
 29
 An accused's right to testify is a constitutional right of fundamental dimension guaranteed by the sixth amendment. See Rock v. Arkansas, 483 U.S. 44, 51-53 (1987); United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir.) (applying United States v. Martinez, 883 F.2d 750 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (9th Cir.), cert. denied, 111 S.Ct. 2886 (1991)), cert. denied, 111 S.Ct. 560 (1990); Martinez, 883 F.2d at 756. Because the right is personal, it may be relinquished only by the defendant. Martinez, 883 F.2d at 756.
 
 
 30
 The trial court, however, " 'has no duty to advise the defendant of his right to testify, nor is the court required to ensure that an on-the-record waiver has occurred.' " Edwards, 897 F.2d at 446 (quoting Martinez, 883 F.2d at 760). Waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify or notify the court of his desire to do so. Id. (citing Martinez, 883 F.2d at 760).
 
 
 31
 Thus, even though the ultimate decision as to whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to have him testify. See Edwards, 897 F.2d at 446-47. Assent is presumed even when the defendant later claims that he was unaware that he had the right to testify. Id. Assent also is presumed even if the defendant has told his attorney that he wishes to testify. Martinez, 883 F.2d at 761; see Edwards, 897 F.2d at 446 (applying Martinez, 883 F.2d at 761). The rationale for this rule is that the defendant can reject the lawyer's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer. Martinez, 883 F.2d at 761.
 
 
 32
 Serpa argues that the trial court and prosecution should have known that he wanted to testify. He apparently asserts that their knowledge is demonstrated by the colloquy, reproduced above, among the court, defense attorney, and prosecutor after his alleged argument with his defense attorney about whether he would testify. He concludes that this knowledge required the court to conduct an on-the-record inquiry as to whether he waived his right to testify.
 
 
 33
 The district court found, however, that Serpa and his attorney agreed that Serpa would not testify. This finding of fact is not clearly erroneous. See Hayes, 784 F.2d at 1436. Moreover, Serpa failed to testify and failed to notify the court of his desire to do so. Under Edwards, we presume that Serpa assented to his attorney's tactical decision not to have him testify. See 897 F.2d at 446-47. Our decision is not altered by Serpa's assertion that he did not know that he had the right to testify and that he told his attorney that he wanted to testify. See id. (defendant claimed ignorance of right and alleged that he told his attorney he wanted to testify; attorney made a tactical decision not to have defendant testify without consulting defendant; court presumed waiver of right to testify by defendant's silence at trial). The trial court had no obligation to advise Serpa of his right to testify or to obtain an on-the-record waiver of that right. Id.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3