24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Terry SLAUGHTER, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 93-15499.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1994.
Decided April 21, 1994.
 
 1
 Before: SCHROEDER, D.W. NELSON, and CANBY, CIRCUIT JUDGES
 
 
 2
 MEMORANDUM*
 
 OVERVIEW
 
 3
 Terry Slaughter, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. In the district court, Slaughter claimed he was denied due process because he was not permitted to testify in his own defense. Second, he claimed he received ineffective assistance of counsel and was denied counsel free from any conflict of interest. Third, he asserts that the state court erred in finding harmless an erroneous jury instruction. Finally, he asserts that the state court erred in failing to give a jury instruction designed to pinpoint his theory of defense. The district court rejected Slaughter's petition. We affirm.
 
 ANALYSIS
 
 4
 I. ABRIDGEMENT OF THE RIGHT TO TESTIFY.
 
 
 5
 After the prosecution presented its case at trial, Slaughter's attorney informed the court that Slaughter, against his advice, intended to testify. The state court recessed until the following day, indicating that the defense could present its witnesses at that time. The next day, Slaughter's counsel advised the trial court that there was no evidence that the defense wished to present and the defense rested. Despite defense counsel's earlier statement that Slaughter would testify, Slaughter said nothing.
 
 
 6
 This issue is governed by United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir.1990). In Edwards, and earlier in United States v. Martinez, 883 F.2d 750, 760 (9th Cir.1989), we held that a defendant's silence was a sufficient basis from which to infer that the defendant waived the right to testify. In Edwards, we held that it would be unfair to allow a defendant to abide by his lawyer's advice not to take the stand and then later to invalidate the trial because he failed to testify. 897 F.2d at 447. In this case, likewise, the state court was entitled to infer that Slaughter had accepted his defense counsel's advice not to testify. By remaining silent, Slaughter effectively waived his right to testify on his own behalf.[1]
 
 
 7
 II. DENIAL OF THE EFFECTIVE ASSISTANCE OF COUNSEL.
 
 
 8
 Slaughter contends that there was a "complete breakdown in the attorney/client relationship" because his counsel met with him only infrequently. Slaughter twice moved for substitution of counsel, with his defense counsel joining the motions. After these motions were denied, Slaughter allegedly filed a malpractice action against his attorney.[2] He asserts that the resulting conflict of interest mandated the appointment of new counsel.
 
 
 9
 As long as the trial court adequately investigated the defendant's timely charge, and so long as we are confident that the conflict between the defendant and counsel was not severe enough to prevent an adequate defense, we will not overturn a conviction on the basis of a denial of effective assistance of counsel. United States v. Castro, 972 F.2d 1107, 1109 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993).
 
 
 10
 The state court in this case adequately investigated Slaughter's need for a substitution of counsel. It determined that defense counsel was prepared to represent Slaughter. During this inquiry, Slaughter declared that he wanted his defense counsel to continue representing him.
 
 
 11
 Slaughter has failed to convince us that the asserted conflict was severe enough to prevent an adequate defense. Neither in his briefs in this court nor in those in the courts below did Slaughter point to any actions by his counsel that were less than competent. Slaughter's contention that he was denied the effective assistance of counsel is spurious.
 
 
 12
 III. THE LESSER INCLUDED OFFENSE INSTRUCTION.
 
 
 13
 While instructing the jury, the state court said "You do not consider ... the last issue of second degree murder until you have reached some kind of decision as to first degree murder." Slaughter contends that this instruction was reversible error.
 
 
 14
 Under federal law, an instruction that specifically precludes consideration of a lesser included offense until after the jury has unanimously acquitted the defendant of the greater offense is reversible error if the defendant made a timely objection.[3] United States v. Jackson, 726 F.2d 1466, 1469 (9th Cir.1984). As we recognized in Jackson, however, an instruction such as the one given may provide the defendant a tactical advantage under some circumstances. In order to allow the instruction to be given when the defense believes it provides a tactical advantage, but prevent it from being given when the defense believes it will cause prejudice, we will overturn a conviction only if the defendant objected to the lesser offense instruction as given. Otherwise, a defendant would have incentive to withhold objection and, if conviction resulted, unfairly void the conviction with a tardy claim of error. Accordingly, we reject the claim.
 
 
 15
 IV. REFUSAL TO GIVE "THEORY OF DEFENSE" INSTRUCTION.
 
 
 16
 Slaughter proposed the following jury instruction, "The act of coparticipant, not the defendant, is not a probable consequence of the specific criminal enterprise aided or encouraged by the defendant, if that act is a fresh, independent product of the mind of the perpetrator, outside of, or foreign to the common design or plan of the defendant and the other person." The trial court ruled that the instruction was a specific comment on the evidence rather than a general statement of the law. Accordingly, the court encouraged the defense counsel to argue the theory to the jury, but declined to give the instruction.
 
 
 17
 The state appellate court found that the instruction was repetitive, argumentative, and poorly worded. It found that the trial court fully instructed the jury on the aiding and abetting charge. In Estelle v. McGuire, 112 S.Ct. 475, 482 (1991), the Supreme Court indicated that a habeas petitioner bears the burden of demonstrating that a jury instruction was so erroneous that the resulting conviction violates due process. Slaughter has not convinced us.
 
 CONCLUSION
 
 18
 For all the reasons stated above, the district court's denial of the petition for habeas relief is AFFIRMED.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit court except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The only contrary authority Slaughter cites is "Judge Reinhardt's powerful dissent in Martinez." This, of course, is not controlling authority in this circuit
 
 
 [2]
 Slaughter failed, however, to make the alleged malpractice complaint a part of the record
 
 
 [3]
 Our habeas review is limited to the question of whether Slaughter's federal rights were violated. Slaughter, however, failed to cite any federal authority in either his opening or reply briefs regarding the lesser included offense instruction