28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald T. STEPHENS, Petitioner-Appellant,
v.
STATE OF CALIFORNIA; Greg Zermeno, Respondents-Appellees.
 No. 93-16386.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 20, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald T. Stephens, a minor in the custody of the California Youth Authority, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Stephens was convicted of raping his aunt. He contends that he was denied the right to testify at his trial, and that he received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991).[1] We affirm.
 
 
 3
 Stephens contends that he wanted to testify at his trial, but his attorney would not allow him to do so. He contends further that he was unaware of his right to testify against his attorney's advice. Stephens's attorney states, in an affidavit submitted as an exhibit to the district court, that he told Stephens of his right to testify, but advised Stephens not to testify for tactical reasons. Stephens argues that an evidentiary hearing is required to determine whether he was aware of his right to testify, and whether he effectively waived that right. This contention has no merit.
 
 
 4
 A criminal defendant's silence at trial effectively waives his right to testify on his own behalf. United States v. Nohara, 3 F.3d 1239, 1244 (9th Cir.1993); United States v. Edwards, 897 F.2d 445, 447 (9th Cir.), cert. denied, 498 U.S. 1000 (1990); United States v. Martinez, 883 F.2d 750, 758 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470, cert. denied, 111 S.Ct. 2886 (1991). The court is under no duty to inform the defendant of his right to testify, nor to ensure that this right has been waived on the record. Nohara, 3 F.3d at 1244.
 
 
 5
 Stephens did not testify at trial, nor did he indicate that he wanted to testify. We find, based on this silence, that he has effectively waived his right to testify. See id.; Edwards, 897 F.2d at 447. Furthermore, Stephens is not entitled to an evidentiary hearing to determine whether he was told of his right to testify. See Edwards, 897 F.2d at 447 (criminal defendants cannot invalidate trial by claiming ignorance of right to testify); Martinez, 883 F.2d at 759 (discussing with approval Siciliano v. Vose, 834 F.2d 29, 31 (1st Cir.1987) (defendant's assertion that attorney refused to allow him to testify does not warrant evidentiary hearing)).
 
 
 6
 Stephens contends that his counsel was ineffective for (1) failing to file a motion to suppress evidence gained in an illegal search of his grandparents' home, and (2) failing to effectively counter the testimony of an expert witness for the prosecution. These contentions are without merit.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludible evidence in order to demonstrate actual prejudice." Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).
 
 
 8
 Here, Stephens contends that counsel should have filed a motion to suppress evidence gathered in an illegal search of his grandparents' home. The police had no warrant to search the house; the police report indicates that Stephens's grandparents consented to the search. In affidavits submitted to the district court, Stephens's grandparents deny having consented to the search. During the search, the police observed scratches and a bite mark on Stephens; they also heard him state that he needed a rabies shot because his aunt had bitten him the night before. Stephens also indicated that he thought the officers had come "about last night." Stephens's counsel did not file a suppression motion, because he found this evidence to be of little consequence.
 
 
 9
 Assuming arguendo that a suppression motion would have been successful, Stephens has not shown that he was prejudiced by the introduction of this evidence. The trial judge did not refer to this evidence in explaining his verdict. Instead, he relied solely on the contemporaneous statements of Stephens's aunt regarding the incident. Furthermore, the evidence introduced was not inconsistent with the testimony of defense witnesses that Stephens had intervened in a physical altercation between his aunt and another person. Accordingly, Stephens has failed to show that the verdict would have been different had this evidence been excluded. See id.; Strickland, 466 U.S. at 694.
 
 
 10
 Stephens also contends that his counsel rendered ineffective assistance by failing to counter the testimony of the nurse practitioner who examined the victim. That witness testified that the injuries to the victim could not have been caused by consensual intercourse. Stephens's counsel stated, in an affidavit submitted with Stephens's habeas petition, that he did not consult or call a defense expert witness to counter this testimony because he determined, based on her report, that the testimony of the nurse practitioner would not be damaging.
 
 
 11
 We agree with the district court that the trial court did not rely on the witness' medical testimony, but rather on her testimony regarding the victim's statements. The witness testified that the victim repeatedly stated that she had been raped by Stephens, her nephew. The defense did not argue that consensual intercourse took place, but rather that Stephens did not have intercourse with the victim at all. In these circumstances, the witness' unchallenged testimony that the victim's injuries could not have been caused by consensual intercourse cannot be said to have affected the outcome of the trial. Accordingly, Stephens has shown neither that counsel's failure to call an opposing expert witness constituted deficient performance, nor that there was a reasonable probability of a different outcome had counsel called such a witness. See Strickland, 466 U.S. at 687, 694; Iaea, 800 F.2d at 864.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stephens failed to name his custodian as the respondent to his petition. See Stanley v. California Supreme Court, No. 92-16497, slip op. 3535, 3537 (9th Cir. Apr. 12, 1994) (failure to name custodian deprives federal courts of personal jurisdiction). However, Stephens has filed a motion in this court to amend his petition to add Greg Zermeno as a respondent in this action. Because the district court has already addressed the merits of the petition, we grant Stephens's motion to amend and consider the merits of his claims. See Fields v. Alaska, 524 F.2d 259, 259 n. 1 (9th Cir.1975) (failure to name custodian may be cured by amendment on appeal