105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stevie J. STEVENSON-BEY, Petitioner-Appellant,
v.
Daniel E. LUNGREN, Attorney General; Mark Luttrell, Warden
of FCI Manchester, Respondent-Appellee.
 No. 95-56755.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stevie Stevenson-Bey appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus following his bench trial conviction. Stevenson-Bey contends that the district court abused its discretion by denying his claim of ineffective assistance of counsel without holding an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's denial of Stevenson-Bey's section 2254 petition, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and review for an abuse of discretion the district court's decision to deny an evidentiary hearing. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). We affirm.
 
 
 3
 Stevenson-Bey contends that the district court should have granted a hearing on his ineffective assistance of counsel claim because his counsel provided ineffective assistance by: (1) failing to interview or call an alibi witness; (2) failing to engage in pre-trial investigation; (3) failing to advise Stevenson-Bey of his right to testify; and (4) refusing to allow Stevenson-Bey to testify.[1]
 
 
 4
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Id. (citation omitted). A successful claim of ineffective assistance of counsel requires a showing both that counsel's performance was deficient and that this deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). We must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. Even if an error was professionally unreasonable, it does not warrant setting aside a conviction if the error had no effect on the proceedings. Id. at 691.
 
 
 5
 Here, Stevenson-Bey has not shown that any of the alleged failures on the part of his counsel had an effect on his trial. See id. Stevenson-Bey asserts that his counsel was ineffective because he failed to interview or call Stevenson-Bey's girlfriend as an alibi witness. An investigator for the defense interviewed Stevenson-Bey's girlfriend and counsel subsequently decided not to call her as a witness. Stevenson-Bey has not shown that this decision was "outside the range of professionally competent assistance" or that the failure to present this witness affected the outcome of his trial. See id. at 690, 691.
 
 
 6
 Stevenson-Bey also contends that his counsel was ineffective because he failed to conduct any investigation prior to trial. Stevenson-Bey has not shown that he was prejudiced by his attorney's alleged failure to uncover evidence that Stevenson-Bay now proffers in this collateral proceeding. See id. at 691.
 
 
 7
 Finally, Stevenson-Bey contends that his counsel was ineffective for failing to inform him of his right to testify and for refusing to allow him to testify. This claim fails because Stevenson-Bey knew of his right to testify and did not assert his right in court. See United States v. Nohara, 3 F.3d 1239, 1244 (9th Cir.1993) ("When a defendant is silent in the face of his attorney's decision not to call him as a witness, he has waived his right to testify."); United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir.1990). Additionally, Stevenson-Bey has not shown that his failure to testify affected the outcome of his trial. See Strickland, 466 U.S. at 691. Accordingly, the district court did not abuse its discretion by denying Stevenson-Bey an evidentiary hearing on his ineffective assistance of counsel claim. See id. at 687; Greyson, 937 F.2d at 1412.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stevenson-Bey's requests for oral argument and for appointment of counsel in the event of oral argument are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stephenson-Bey also claims that a host of other errors on the part of his counsel cumulatively affected the outcome of his trial. Because he did not raise this issue in his section 2254 petition, we will not review it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) ("Habeas claims that are not raised in the petition before the district court are not cognizable on appeal.")