145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
AKM Alamgir KASEM, Defendant-Appellant.
 No. 97-10325.
D.C. No. CR-96-00037-WKT.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1998.[2]
Decided May 13, 1998.
 
 Appeal from the United States District Court, for the Northern Mariana Islands, Marty W.K. Taylor, Chief Justice.
 Before BROWNING, BRUNETTI, and RYMER, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 AKM. Alamgir Kasem was convicted of mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343. He appeals, asserting that he was denied his Sixth Amendment right to effective assistance of counsel and that the district court erred by not conducting a hearing regarding his allegations of ineffective assistance of counsel.[3] "Although ineffective assistance of counsel claims are frequently presented in collateral attacks on judgments in criminal matters, we are not prevented from considering such contentions on direct appeal where," as here, "the record is sufficiently complete to allow us to decide the issue." U.S. v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (internal quotation omitted).
 
 I.
 
 2
 Kasem first argues that he was denied effective assistance of counsel because he was not permitted the opportunity to testify. Kasem does not direct us to any evidence that his counsel refused to allow him to testify. Instead, he asserts that it is not clear that he consented to proceed without testifying and that he has consistently maintained that he was not permitted to testify.
 
 
 3
 Kasem cites U.S. v. Martinez, 883 F.2d 750, 756 (9th Cir.1989), vacated on other grounds, 928 F.2d 1470 (9th Cir.1991), for the proposition that a defendant's waiver of his right to testify cannot be presumed from a silent record. To the contrary, Martinez held that "the court has no duty to advise the defendant of his right to testify, nor is the court required to insure that an on-the-record waiver has occurred. The defendant's conduct provides a sufficient basis from which to infer the right to testify has been waived." Id. At 760. Furthermore, "[a]lthough the ultimate decision whether to testify rests with the defendant, he is presumed to assent to his attorney's tactical decision not to have him testify." U.S. v. Joelson, 7 F.3d 174, 177 (9th Cir.1993) (citing U.S. v. Edwards, 897 F.2d 445, 446-47 (9th Cir .1990)). If a defendant wants to testify, "he can reject his attorney's tactical decision by insisting on testifying, speaking to the court, or discharging his lawyer." Id. At 177 (citing Martinez, 883 F.2d at 761).
 
 
 4
 After hearing and denying defense counsel's motion for acquittal, the court granted defense counsel's request for a recess to consult with Kasem. The court reconvened thirty minutes later and Kasem was present with counsel. Counsel informed the court that the defense would not be presenting any evidence. Kasem remained silent and did not inform the court that he desired to testify. In fact, Kasem did not inform the court that he wanted to testify until 35 days after the jury returned the guilty verdict, when defense counsel informed the court that Kasem wanted to address the court on a new matter--a motion for ineffective assistance of counsel. Kasem complained to the court that counsel never called him as a witness. The court asked Kasem if he was present when counsel discussed the matter with him and he responded that he was.
 
 
 5
 Kasem's counsel made a tactical decision not to put Kasem on the stand and Kasem did not appear to object at the time. Thus, we must presume that Kasem assented to this decision. Joelson, 7 F.3d 174, 177-78. Kasem has presented no evidence demonstrating otherwise.
 
 
 6
 To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's performance was not deficient. First, as stated above, Kasem's constitutional right to testify was not violated. Second, there were numerous tactical reasons why Kasem's counsel could have advised Kasem not to testify. Furthermore, as to prejudice, nothing Kasem could have said on his own behalf would have generated a reasonable probability that the result of the proceeding would have been different, as required by Strickland. Id. At 694.
 
 II.
 
 7
 Kasem contends that his counsel performed ineffectively by not investigating and presenting to the court two points of defense. First, Kasem argues that counsel should have obtained and weighed the six legitimate worker affidavit forms mailed to Bangladesh on October 25, 1995, so they could be compared to the weight marked on the envelope. He asserts that this would demonstrate that the ten bogus forms could not have been mailed in that envelope. The argument is without merit. First, the August 6, 1996, mailing, containing the entry permits is the key mailing on which the indictment is based. The October 25, 1995, mailing was not crucial to the charge. Second, counsel made a weight-of-the-envelope argument with respect to the August 6, 1996, mailing. His tactical decision not to make the same argument with respect to the relatively inconsequential October 25, 1995, mailing was not deficient performance nor was it prejudicial.
 
 
 8
 Kasem also argues that counsel was ineffective because he did not investigate or present to the court that a faxed "Letter of Order" received in Bangladesh was on two-color paper while the fax he sent to Bangladesh was of only one color. Kasem asserts that this demonstrates that he was framed. This argument does not seem probative of anything and his counsel's decision not to pursue it did not constitute deficient performance nor did it prejudice Kasem's defense.
 
 III.
 
 9
 Finally, Kasem argues that the trial court erred by not conducting a hearing regarding his allegations of ineffective assistance. He cites no law that would require a hearing under these circumstances. First, a motion for a new trial must be made within seven days after the verdict. Fed.R.Crim.P. 33. Kasem did not request a new trial based on ineffective assistance until 35 days after the verdict, and the court properly denied his request. Second, the issue of ineffective assistance can be raised on appeal, as it was here. A hearing was not required.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 [3]
 Kasem's Notice of Appeal and Amended Notice of Appeal also challenged his sentence. However, Kasem expressly abandoned this issue in his Opening Brief