[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-3542
_____

D. C. Docket No. 3:96-CR-28-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY D. VAN DE WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 26, 1998)**

Before ANDERSON, and BIRCH, Circuit Judges, and COHILL*, Senior District Judge.

ANDERSON, Circuit Judge:

_____

* Honorable Maurice B. Cohill, Jr., Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

Appellant Jeffrey D. Van De Walker was convicted by a jury of theft of government property in violation of 18 U.S.C. § 641. Van De Walker argues on appeal

that his trial was fundamentally unfair because the district court did not conduct a <u>sua</u> <u>sponte</u>, on-the-record inquiry into whether he knowingly, voluntarily, and intelligently waived his right to testify at trial. Van De Walker did not testify at his trial and did not assert his right to testify in the district court. He does not contend that his attorney failed to advise him of his right to testify or prevented him from testifying on his own behalf, and thus Van De Walker concedes that he is unable to raise an ineffective assistance of counsel claim. Instead, Van De Walker contends that in order to safeguard a criminal defendant's fundamental constitutional right to testify at trial,[1] a trial court is constitutionally required to conduct a <u>sua</u> <u>sponte</u>, on-the-record inquiry into whether a criminal defendant's waiver of the right to testify was knowing, voluntary, and intelligent.

Purely legal questions relating to a defendant's claim of a constitutional violation are reviewed <u>de novo</u>. <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1541 (11th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 1305 (1998). In <u>United States v. Teague</u>, 953 F.2d 1525, 1534 (11th Cir. 1992) (en banc), we recognized that a criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, but we concluded that "[b]ecause it is primarily the responsibility of defense counsel to advise the defendant of his right to testify and thereby to ensure that the right is protected," an ineffective assistance of counsel claim is the appropriate vehicle for a criminal defendant to raise an alleged violation of his right to testify. In reaching this conclusion, we noted that "it would be

---

[1] A criminal defendant's constitutional right to testify at trial was recognized by the Supreme Court in <u>Rock v. Arkansas</u>, 483 U.S. 44, 49, 107 S. Ct. 2704, 2708 (1987).

inappropriate to require the trial court to discuss this choice with the defendant. Such a requirement would unnecessarily intrude into the attorney-client relationship and could unintentionally influence the defendant in his or her choice." Id. at 1533 n.8 (citing United States v. Wagner, 834 F.2d 1474, 1483 (9th Cir. 1987)). Other federal circuit courts consistently have held that a trial court has no sua sponte duty to explain to a criminal defendant that he has a right to testify or to conduct an on-the-record inquiry into whether a defendant that is not testifying has waived the right knowingly, voluntarily, and intelligently. See Brown v. Artuz, 124 F.3d 73, 79 (2d Cir. 1997), cert. denied, 118 S.Ct. 1077 (1998); United States v. Ortiz, 82 F.3d 1066, 1071 (D.C. Cir. 1996); United States v. Pennycooke, 65 F.3d 9, 11 (3rd Cir. 1995); United States v. Brimberry, 961 F.2d 1286, 1289-90 (7th Cir. 1992); United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991); United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir. 1990); Siciliano v. Vose, 834 F.2d 29, 30 (1st Cir. 1987); United States v. Janoe, 720 F.2d 1156, 1161 (10th Cir. 1983). We conclude that United States v. Teague controls the instant case and we join the other circuit courts in rejecting Van De Walker's argument that whenever a criminal defendant does not testify at trial there is a per se requirement that the district court advise the defendant of his right to testify and conduct an on-the-record inquiry into whether a non-testifying defendant knowingly, voluntarily, and intelligently waived the right to testify.[2]

_____

[2] We note that other circuit courts have held that although a trial judge *generally* is not required to advise a criminal defendant of the right to testify or to obtain an on-the-record waiver of such right, "'judicial interjection through a direct colloquy with the defendant may be required' in 'exceptional, narrowly defined circumstances.'" Artuz, 124

3

For the foregoing reasons, we conclude that the judgment of the district court should be affirmed.[3]

AFFIRMED.

---

F.3d at 79 n.2 (quoting Pennycooke, 65 F.3d at 12) (noting that this duty might arise if the trial judge has reason to believe that defense counsel is frustrating the defendant's desire to testify, where the defendant has expressed his desire to testify to the court, or where there appears to be no rational explanation for the defendant's decision not to testify). We have no occasion in the instant case to address that issue because Van De Walker did not allege any exceptional circumstances warranting a departure from the general rule that a trial judge has no duty to conduct a sua sponte inquiry into the voluntariness of a defendant's decision not to testify at trial.

[3] Van De Walker also contends that certain questioning of a witness by the district court was prejudicial and thus prevented him from receiving a fair trial. Van De Walker concedes that he failed to object to the district court's questioning at the time the question was asked or at the next available opportunity when the jury was not present. Because Van De Walker failed to object to the alleged error during trial, his objection will be deemed waived unless it constitutes plain error. See Hanson v. Waller, 888 F.2d 806, 813 (11th Cir. 1989). After reviewing the record, we readily conclude that the district court's questioning did not constitute plain error.