Andre BROWNE, Petitioner–Appellant,

v.

Linda J. CLARKE, Deputy Warden, Respondent–Appellee.

No. 01–55047.

D.C. No. CV 98–7863–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 22, 2002.

Before ARCHER,* O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Andre Browne appeals the dismissal of his petition for writ of habeas corpus in the district court. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. Because the parties are familiar with the facts and procedural history of the case, we need not recite them in full here.

■ Browne argues first that, once he expressed to the judge that his lawyer was preventing him from testifying, the judge had a duty to take his waiver of the right to testify on the record. A court does not have a general duty to inform a defendant of the right to testify, nor does waiver of the right to testify generally have to occur in court on the record. *See United States v. Edwards*, 897 F.2d 445, 446 (9th Cir. 1990). However, there may be instances in which "trial courts must take steps to insure important constitutional rights [such as the right to testify] have been voluntarily and intelligently waived." *Ortega v. O'Leary*, 843 F.2d 258, 261 (7th

Cir.1988). Here, Browne wrote to the judge, stating: "Every time I talk about being called like [co-defendant] Beamer [my lawyer] says it ain't gonna happen and to forget about it." At the meeting with the judge following this letter, however, when the judge said "go ahead and tell me" in response to Browne's mention of the complaints in his letter, Browne failed to mention his desire to testify. Instead, he took the opportunity to complain that the jury was biased and that the judge should recuse himself. While under these circumstances it may have been preferable for the judge to have inquired explicitly whether the decision not to testify was Browne's or his attorney's, we cannot say that his failure to do so amounted to denial of Browne's right to testify.

■ Browne next argues that his attorney's failure to inform him of his right to testify amounted to ineffective assistance of counsel. Ineffective assistance of counsel claims require a showing that (1) counsel's performance was constitutionally deficient, and (2) but for this deficiency, there is a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is some support for the proposition that failure to inform a criminal defendant of the right to testify falls below the standard of reasonable attorney performance. *See, e.g., Sexton v. French*, 163 F.3d 874, 882–884 (4th Cir.1998) ("[T]he burden shouldered by trial counsel [to inform defendant of right to testify] is a component of effective assistance ...."). The state habeas court, however, made the factual determination that Browne's "claim of ignorance [of the right to testify] lack[ed]

---

* The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

credibility." *In re Browne,* No. 217014, slip op. at 4 (Cal.Super.Ct. Jan. 15, 1997). That is, the court found that Browne was aware of his right to take the stand. Because Browne has not rebutted this finding by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), Browne's claim of ineffective assistance due to failure to inform him of the right to testify is without merit.

■ Browne next argues that the trial court's failure to conduct a hearing into potential conflicts between Browne and his attorney denied Brown effective assistance of counsel. While "a state trial court has no discretion to ignore an indigent defendant's timely motion to relieve an appointed attorney," *Schell v. Witek,* 218 F.3d 1017, 1025 (9th Cir.2000) (en banc), a criminal defendant is merely entitled to adequate representation, not a "meaningful relationship" with his attorney, *Morris v. Slappy,* 461 U.S. 1, 13–14, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Browne's only mention to the trial judge of dissatisfaction with his attorney was in the letter he wrote, in which he states: "I need a continuance to get a new attorney .... He's making all kinds of mistakes.... He doesn't want to listen to me or anything.... [H]e thinks everything I say is a lie or something." When provided with a clear opportunity to address the judge, however ("If you want to address the Court, I'll listen."), Browne responded by expressing complaints not about his attorney, but rather about the judge and how he was conducting an unfair trial. While Browne's letter clearly indicates *some* disagreement with his attorney, and while it might have been preferable for the court to have asked Browne about the point specifically, it cannot be said that Browne gave sufficient indication of conflict to the judge to trigger the need for an on-the-record inquiry into the matter.

Browne next argues that his trial attorney's withdrawal of jury instructions constituted ineffective assistance. "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). However, "[d]efense counsel need not request instructions inconsistent with its trial theory." *Butcher v. Marquez,* 758 F.2d 373, 377 (9th Cir.1985). Here, Browne's attorney Crowder clearly made the tactical decision to pursue imperfect self-defense, *i.e.,* the theory that Browne was under the honest but unreasonable belief that he needed to aid Beamer. Testimony at trial supported this decision. The withdrawn instructions regarding classic self-defense were inconsistent with Crowder's trial strategy and unsupported by the record. Withdrawal of these instructions was not ineffective assistance.

■ Finally, Browne argues that the introduction of prior testimony of co-defendant Beamer violated his Confrontation Clause rights. There is no question that Beamer testified at the first trial but, because he refused to take the stand or testify, was unavailable at the second. It is also clear that Browne's attorney had the opportunity to cross-examine Beamer during the first trial, and in fact did so. Browne argues that because he would have asked different questions at the second hearing he effectively was denied the right to cross-examine Beamer. However, the Constitution affords to Browne "only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Kentucky v. Stincer,* 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (internal quotation marks omitted, emphasis in original).

Browne had the opportunity to cross-examine Beamer during his prior testimony. That he did so in a manner that he now categorizes as "conciliatory" does not change that fact. The admission of Beamer's testimony from the first trial thus did not violate Browne's Confrontation Clause rights.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the