**Christopher Gilbert SMITH,
Petitioner—Appellant,**

v.

**Eddie YLST; California Men's Facility
South at Vacaville, Respondents—
Appellees.**

No. 01–15550.
D.C. No. CV–92–00170–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2003.*

Decided Oct. 16, 2003.

Caro Marks, AFPD, Sacramento, CA, for Petitioner–Appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Wanda Hill Rouzan, Arnold O. Overoye, Esq., Attorney General's Office, Sacramento, CA, for Respondents–Appellees.

Before GOODWIN, KLEINFELD, Circuit Judges, and JONES, District Judge.**

MEMORANDUM***

Christopher Gilbert Smith ("Smith") contends that his trial counsel failed to investigate, failed to argue the constitutional validity of Smith's confession, committed trial errors in failing to call experts or additional witnesses for the defense, failed to confer with Smith on defense matters, and refused to let Smith testify. Smith also asserts that his attorney was distracted by personal problems and by work on another case.

■ Smith has failed to demonstrate that his legal representation fell "below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Smith's trial counsel's predecessor retained an investigator and conducted a thorough investigation, including interviewing witnesses and conducting other discovery. Trial counsel had available to him the results of this investigation. Counsel's tactical decisions about experts, additional witnesses, and Smith's defense were reasonable in view of Smith's confession and the circumstances of the trial. Smith's disagreement with his trial attorney's "tactical decision[s] cannot form the basis for a claim of ineffective assistance of counsel." *Wildman v. Johnson,* 261 F.3d 832, 839 (9th Cir.2001). Additionally, the record does not support Smith's assertion that counsel prevented him from testifying

at trial. To the contrary, the record shows that during trial and outside the presence of the jury, the trial judge said that Smith "has decided not to testify * * *." Smith did not say anything to the contrary. Smith's silence under the circumstances waived this portion of his ineffective assistance claim. *See U.S. v. Edwards,* 897 F.2d 445, 446 (9th Cir.1990).

Finally, although Smith asserts that trial counsel's alleged personal problems rendered him ineffective, Smith has failed to allege or demonstrate any specific instances of ineffectiveness resulting from the alleged personal problems. *See Smith v. Ylst,* 826 F.2d 872, 876 (9th Cir.1987). Thus, this portion of Smith's ineffective assistance claim lacks merit as well.

INVOLUNTARY CONFESSION

Smith contends that his confession was involuntary. The state trial court held an evidentiary hearing at which conflicting witnesses, including Smith, testified. After the hearing, the state court found as a factual matter that Smith gave a statement and that Smith was advised of his Miranda rights. These factual findings are entitled to a presumption of correctness, *see Miller v. Fenton,* 474 U.S. 104, 112, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), a presumption Smith has failed to rebut.

■ Smith asserts that his mental capacity was temporarily diminished, thus rendering his confession involuntary. However, in the absence of evidence that Smith's confession was the result of psychological or physical coercion, Smith's allegation of a temporary diminished mental capacity is irrelevant. *See Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *see also Derrick v. Peterson,* 924 F.2d 813, 818 (9th Cir.1990)

---

** The Honorable Robert E. Jones, Senior United States District Judge for the District of Oregon, sitting by designation.

(defendant's age and mental capacity were relevant only if the court concludes that police conduct was coercive). The record does not disclose any coercion that precipitated Smith's confession. Therefore, the confession was voluntary and properly admitted at trial.

### EVIDENTIARY HEARING

Finally, Smith appeals from the district court's denial of his motion for an evidentiary hearing concerning the competency of his counsel's representation. The district court denied Smith's motion, but allowed Smith to depose his former trial counsel. We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. *Beardslee v. Woodford,* 327 F.3d 799, 811 (9th Cir.2003).

Smith filed his federal habeas petition in February 1992 before changes occurred in federal habeas law under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under pre-AEDPA law applicable in this case, a habeas petitioner is entitled to an evidentiary hearing if "(1) he has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts in a state court." *Williams v. Woodford,* 306 F.3d 665, 684 (9th Cir.2002). Smith received an adequate opportunity to develop allegations that if proven would have entitled him to relief. Consequently, the district court did not abuse its discretion in denying an evidentiary hearing.[1]

**AFFIRMED.**

---

1. Smith's *pro se* motion for an evidentiary hearing in this court, filed October 15, 2001, is denied.

\* This disposition is not appropriate for publication and may not be cited to or by the courts