**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISIAC NICHOLAS RENTERIA, | No. 09-17708 |
| Petitioner - Appellant, | DC No. 1:08 cv 01209 AWI DLB |
| v. | |
| BEN CURRY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Submitted January 15, 2013[**]
San Francisco, California

Before:     TASHIMA, GRABER, and FISHER, Circuit Judges.

Isiac Nicholas Renteria appeals from the district court's denial of his petition

for habeas corpus pursuant to 28 U.S.C. § 2254.  We have jurisdiction under 28

U.S.C. §§ 1291 and 2253.  We review de novo the district court's denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

petition for habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act of 1996, Renteria must show that the state court's decision was "contrary to," or involved "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), before he is entitled to relief. Because he cannot do so, we affirm.

**1.** Renteria's right to present a complete defense was not violated when he was not permitted to introduce evidence of third-party culpability. Although such evidence must be admitted where it "'raise[s] a reasonable inference or presumption as to [the defendant's] own innocence,'" *Holmes v. South Carolina*, 547 U.S. 319, 323 (2006), it is well established that a trial judge may exclude evidence of third-party culpability where that evidence merely "cast[s] a bare suspicion upon another or raises a conjectural inference as to the commission of the crime by another." *Id*. at 324. Here, the trial court did not base its exclusion of the evidence of third-party culpability only on the strength of one side's evidence, and it was not unreasonable to exclude the evidence that another robbery was committed in the area after Renteria had been taken into custody.

**2.** Even if we assume that a freestanding actual innocence claim can provide the basis for habeas relief in some cases, *see House v. Bell*, 547 U.S. 518,

554-55 (2006), Renteria's evidence of actual innocence fails to clear the "extraordinarily high" threshold, *see Herrera v. Collins*, 506 U.S. 390, 417 (1993). Here, the state trial court ordered an evidentiary hearing at which another man, Robert Mendoza, testified to having committed the crime. The trial judge found that Mendoza's testimony lacked credibility and denied Renteria's motion for a new trial. There is no basis on which to overturn the state trial court's credibility determination, *Knaubert v. Goldsmith*, 791 F.2d 722, 727 (9th Cir. 1986) (per curiam), and, thus, no basis to grant habeas relief on this claim.

3.      The photographic identification procedure was not so impermissibly suggestive as to provide a basis for habeas relief. "[E]ach case must be considered on its own facts . . . ," and convictions based on pretrial photographic identification will be set aside "only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial liklihood of irreparabale misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). The standard the state court used to assess the propriety of the identification procedures was not meaningfully different from the *Simmons* standard. *Id.* Here, the photographic array was, at most only slightly suggestive, in that the formatting of Renteria's photo differed from the formatting of the other five photos. The state court's determination that the photographic array was not

impermissibly suggestive was neither contrary to nor an unreasonable application of federal law as determined by the Supreme Court.

**4.** None of the deficiencies that Renteria alleges with regard to the performance of his attorney provides a basis for habeas relief. He alleges that his attorney provided ineffective assistance by failing to let him testify, advising him against taking a plea bargain, and failing to object to impeachment of Dr. Fraser, a key defense witness. The trial court properly inquired into each of these complaints. It rejected Renteria's argument as to the first two allegations, and it found that the attorney's deficient performance with regard to the third was not prejudicial. There is no basis in the record to reverse any of these determinations on collateral review; none involved an unreasonable application of federal law as determined by the Supreme Court. *See United States v. Edwards*, 897 F.2d 445, 446 (9th Cir. 1990); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The judgment of the district court is **AFFIRMED.**