[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 11-16125

————————

D. C. Docket No. 1:10-cr-20767-JLK-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUDITH NEGRON,

Defendant-Appellant.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

(April 18, 2013)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Defendant/Appellant Judith Negron ("Negron") appeals her convictions and

sentences for various federal  charges involving a massive health care fraud.

According to the superceding indictment, Negron and her co-conspirators, Larry Duran ("Duran") and Marianella Valera ("Valera"), submitted more than $205 million in false and fraudulent claims to Medicare and managed to extract more than $87 million in illicit payments. The scheme employed two healthcare facilities, American Therapeutic Corporation ("ATC") and the American Sleep Institute ("ASI"), as well as a fraudulent management organization, Medlink Professional Management Group ("Medlink"). ATC made money by billing Medicare for so-called Partial Hospitalization Program ("PHP") services and only saw patients covered by Medicare. ASI purportedly provided sleep study services and billed for medically unnecessary expenses. Both facilities recruited patients from assisted living facilities and halfway houses. The facilities provided kickbacks to the managers at either the assisted living facilities or the halfway houses who encouraged their residents to attend ATC and ASI. This arrangement lasted for a period of eight years.

After a six day jury trial, Negron was found guilty of all of the charged crimes. At the sentencing hearing, the government recommended a sentence of 45 years, but the district court sentenced Negron to 35 years' imprisonment. She then perfected this appeal.

The issues presented on appeal are:

2

(1) Whether the district court erred in questioning a witness during the trial.

(2) Whether the district court erred when it allegedly assumed the role of the prosecutor during the trial.

(3) Whether the district court abused its discretion in denying Negron's motion for a mistrial based on alleged prosecutorial misconduct.

(4) Whether the district court erred in determining the amount of the intended loss for sentencing purposes.

(5) Whether the district court erred in applying the vulnerable victim enhancement to Negron's sentence.

Ordinarily, the court reviews the district court's conduct during trial for an abuse of discretion, but here, where Negron failed to object to the challenged conduct at trial, the court reviews for plain error. *See United States v. Van De Walker*, 141 F.3d 1451, 1452 n.3 (11th Cir. 1998). An error is plain only if it "is an error that is obvious and is clear under current law." *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (internal quotation marks omitted).

This court reviews for abuse of discretion the district court's order denying a motion for mistrial. *United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009). This court, however, reviews *de novo* allegations of prosecutorial

3

misconduct, which present mixed questions of law and fact. *United States v. Campa*, 529 F.3d 980, 992 (11th Cir. 2008).

This court reviews *de novo* the district court's application of the sentencing guidelines. *United States v. Louis*, 559 F.3d 1220, 1224 (11th Cir. 2009). This court "review[s] for clear error the district court's determination regarding the amount of loss under the Guidelines." *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1340 (11th Cir. 2009) (internal quotation marks omitted). The district court's application of the vulnerable victim enhancement presents a mixed question of law and fact, which this court reviews *de novo*. *United States v. Arguedas*, 86 F.3d 1054, 1057 (11th Cir. 1996). "The district court's determination of a victim's 'vulnerability' is, however, essentially a factual finding to which [this court] give[s] due deference." *Id*.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Negron makes in this appeal. We do, however, feel compelled to briefly address the first issue presented on appeal.

Negron contends that the district court impermissibly intruded into the Government's case when the court asked witness Margarita Acevedo ("Acevedo") questions which supported the foundation for the structuring counts. Acevedo

4

testified that she, along with Negron, Duran, and Valera, would go to the bank together to cash checks. Then, the defendants would give her cash to pay kickbacks to the managers of the assisted living facility and the halfway house. During her testimony, the district court asked Acevedo about separate checks to the same payee in excess of $10,000. In response to defense counsel's objection to the question posed by the court, the district court responded that the witness could say what she would do if she had that situation arise. Then the court asked the witness if she had ever had a situation where she received a bunch of checks that were more than $10,000, but separate, and the witness responded that if she received the checks in the same day, she would have to file a report. Negron asserts that these questions were improper for a lay witness and should have been asked only to an expert witness. Although Negron's argument fails, we caution district courts to be circumspect and careful in questioning witnesses during the course of a criminal trial. When district judges take over questioning of witnesses, they run the risk of injecting reversible error in the record.

Under Federal Rule of Evidence 614(b), a trial court may examine a witness called by either party and may even call a witness on its own. The district court, however, abuses its discretion in questioning a witness when the judge "abandons [his] proper role and assumes that of an advocate." *United States v. Wright*, 392

5

F.3d 1269, 1274 (11th Cir. 2004).  This court reviews the challenged conduct "in the framework of the trial as a whole," *id.* at 1275, and will find an abuse of discretion "[o]nly when the judge's conduct strays from neutrality, and even then only when its remarks demonstrate pervasive bias and unfairness that actually prejudice a party."  *United States v. Hill*, 643 F.3d 807, 846 (11th Cir. 2011) (internal quotation marks and alteration omitted), *cert. denied*, 132 S. Ct. 1988 (2012).

Because the Rules expressly provide that the district court may question witnesses and Negron fails to show that the district court distorted or added to the evidence by asking the few questions it asked here, we see no reversible error.  *See United States v. Jenkins*, 901 F.2d 1075, 1082-83 (11th Cir. 1990) (no abuse of discretion when judge's comments did not stray from neutrality).  Additionally, the district court instructed the jury at the end of the trial that it was the factfinder, and the jury should disregard anything the court may have said during the course of the trial.  Such instructions intend to mitigate any prejudice that may have resulted from the court's questioning.  *See e.g.*, *United States v. Benefield*, 889 F.2d 1061, 1066 (11th Cir. 1989).

In conclusion, because we hold that there is no merit to any of the issues presented by Negron in this appeal, we affirm her convictions and sentences.

6

**AFFIRMED.**