**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 13-30199 |
| v. | D.C. No. 2:11-cr-00150-FVS-1 |
| SANTIAGO CONTRERAS OROZCO, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted
June 5, 2014—Seattle, Washington

Filed August 13, 2014

Before: Alfred T. Goodwin, M. Margaret McKeown,
and Paul J. Watford, Circuit Judges.

Opinion by Judge Goodwin

# SUMMARY[*]

## Criminal Law

Affirming convictions for manufacturing marijuana plants and carrying a firearm during a drug trafficking crime, the panel held that the district court did not abuse its discretion in denying the defendant's motion for a mistrial on the basis of a government witness's testimony, nor in refusing to reopen the evidence to allow the defendant to testify.

The panel held that the district court did not abuse its discretion in denying a mistrial and a new trial on the basis of testimony that the defendant was advised of "his right to a consulate." The panel concluded that this single reference did not convey anything about the defendant's legal status in the United States because all foreign nationals are entitled to consular notification.

The panel held that the district court did not abuse its discretion in refusing to reopen the evidence to allow the defendant to testify. Joining other circuits, the panel held that a defendant must generally invoke the right to testify before the close of evidence. The panel held that the following factors are considered to determine whether a district court abused its discretion in denying a motion to reopen to allow a defendant to testify: (1) the timeliness of the defendant's motion, (2) the character of the proposed testimony, (3) the disruptive effect of granting the motion, and (4) whether the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

defendant offered a reasonable excuse for his or her untimely request to testify.

## COUNSEL

Dan B. Johnson (argued), Spokane, Washington, for Defendant-Appellant.

Earl A. Hicks (argued), Assistant United States Attorney, Michael C. Ormsby, United States Attorney, Spokane, Washington, for Plaintiff-Appellee.

## OPINION

GOODWIN, Circuit Judge:

Santiago Contreras Orozco was convicted of manufacturing 1,000 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), and 18 U.S.C. § 2, and carrying a firearm during a drug trafficking crime, in violation of 23 U.S.C. § 541(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i). Orozco appeals his convictions, challenging two rulings made by the district court. First, he assigns error to the district court's denial of his motion for a mistrial because a government witness testified that Orozco was advised of "his right to a consulate." Orozco, a citizen of Mexico, argues that the consulate reference was "highly prejudicial" because it amounted to a disclosure that he was illegally in the United States. Second, Orozco claims that his constitutional rights were violated when the district court refused to reopen the evidence to allow him to testify—a request Orozco made during the closing-argument phase of

trial.   Because Orozco fails to establish that either of the district court's decisions was an abuse of discretion, we affirm the judgment.

**I**

In late 2010, an elk hunter reported to the United States Forest Service a potential marijuana grow in the Wenaha Tucannon Wilderness in Eastern Washington.  Delayed by weather conditions, Forest Service agents investigated the area in July 2011 and arrested Orozco, who was armed with a loaded .380 caliber weapon.  A search of the surrounding area revealed marijuana plants and evidence linking Orozco to the grow operation, including, two .380 caliber ammunition clips, and a cell phone containing pictures of marijuana plants and a phone call history showing that the cell phone had been used to call members of Orozco's family.

Orozco was charged, and the case proceeded to trial.  A number of government witnesses testified, including Joseph Helm, Chief Deputy of the Columbia County Sheriff's Office, who testified about transferring Orozco from the marijuana grow to the Columbia County Jail.  Helm testified that he spoke fluent Spanish, that he asked Orozco whether he spoke English, and that after being informed that Orozco spoke only Spanish, he read Orozco his *Miranda* rights in Spanish.  After a series of questions and answers describing the constitutional guarantees provided by *Miranda*, Helm testified as follows:

> I, with the assistance of Fish and Wildlife
> Officer Ryan John, we took [Orozco] out of
> the restraints that were currently on him, pat
> searched him, put him in the restraints from

. . . my department . . . for transport and I also advised him of a right to a consulate.

After a brief sidebar, Orozco's trial counsel moved for a mistrial, arguing that the deputy's testimony amounted to a "disclosure that [Orozco] has illegal status." The district court disagreed. Denying the motion, the court reasoned:

> I'm mindful that [consular notification] is something that is done for people who speak Spanish and in some occasions for, there's an indication there's someone unlawfully in the country. But just using the words, "also advised him of a right to a consulate" doesn't mean much. It doesn't carry much in the way of information to, frankly, the average juror and average person. . . .
>
>      * * *
>
> It's a very small comment made in the testimony. I'm not persuaded that it creates prejudice that would require a mistrial. I think that the defendant will continue to have a fair trial.

Although neither party requested a curative instruction, the court concluded that "the best remedy is no comment," since instructing the jury would be prejudicial to Orozco by bringing the jurors' attention to something they probably did not understand.

The trial continued, and the government concluded its case-in-chief. Defense counsel requested a short recess to

meet with Orozco, and after doing so, informed the court that Orozco had decided to exercise his right to remain silent and would not testify. The defense then rested its case without calling any witnesses. The parties finalized jury instructions, and the government presented its closing argument to the jury. Outside the presence of the jury, Orozco's counsel informed the court that "after hearing [the government's] closing, [Orozco] tells me he's changed his mind" about testifying. The district court denied Orozco's request to testify, reasoning that the jury had been instructed that trials move in stages, and despite Orozco being given a fair chance to testify during the evidence-gathering phase of trial, he had chosen not to do so.

The jury found Orozco guilty on both counts. Orozco filed a timely motion for a new trial based, in part, on the allegation that Helm's consulate reference deprived him of a fair trial. The court denied the motion. After finding that Orozco was not competent for sentencing under 18 U.S.C. § 4244(d),[1] entered a provisional sentence of life in prison and remanded Orozco to the custody of the Attorney General for treatment in a suitable facility. Orozco appeals.

## II

Orozco argues that the district court erred by denying his motion for a mistrial and his motion for a new trial under Federal Rule of Criminal Procedure 33 because Helm's reference to consular notification informed the jury that

---

[1] At sentencing, the government stipulated that Orozco was not competent for sentencing. Nothing in the record indicates that Orozco was not competent to stand trial. When asked during oral argument, Orozco's appellate counsel conceded this point.

Orozco was illegally in the United States. We affirm because the district court did not abuse its discretion in denying the motions. *See United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003) (mistrial); *United States v. Sarno*, 73 F.3d 1470, 1507 (9th Cir. 1995) (motion for new trial).

Contrary to Orozco's contention, the deputy's single reference to a consulate did not convey anything about Orozco's legal status. It is unlikely that any juror divined meaning from the brief reference to the right to a consulate. In any event, because all foreign nationals, regardless of their legal status, are entitled to consular notification, the testimony conveyed only that Orozco was a citizen of another country. *See* Vienna Convention on Consular Relations, art. 36, April 24, 1963, [1970], 21 U.S.T. 77, T.I.A.S. No. 6820; *see also* 28 C.F.R. § 50.5. Moreover, we agree with the district court that the testimony was a solitary, inconsequential comment made during Helm's testimony. Under the circumstances, the district court was well within its broad discretion when it determined that Orozco had failed to establish that a mistrial was warranted. *See Renico v. Lett*, 559 U.S. 766, 774 (2010) (noting that the "decision to declare a mistrial is left to the sound discretion of the judge, but the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." (citations and internal quotation marks omitted)).

In the summary of argument, Orozco "contends that he did not receive a fair trial due to the introduction into evidence of the issue of his illegal status in the United States, and the lack of a curative instruction." He does not further discuss the failure to give a curative instruction, nor did he request such an instruction at trial. Although we have no obligation to address the failure to give a sua sponte curative

instruction, the argument is without merit in any event. *See Retlaw Broad. Co. v. N.L.R.B.*, 53 F.3d 1002, 1005 (9th Cir. 1995) (declining to address an argument "summarily mentioned in [the] opening brief"). Helm's fleeting reference to the right to a consulate was essentially meaningless. Because a cautionary instruction would have needlessly brought the jurors' attention to Helm's irrelevant testimony, it was not an abuse of discretion for the district court to continue the trial and forgo instructing the jury to disregard the consulate reference. *See United States v. McCown*, 711 F.2d 1441, 1454 (9th Cir. 1983).

We likewise reject the argument that Helm's testimony regarding the right to a consulate was undisclosed 404(b) evidence because the testimony did not reveal anything, let alone the defendant's status as illegally present in the United States. The testimony was therefore not "[e]vidence of a crime, wrong, or other act." *See* Fed. R. Evid. 404(b).

### III

Orozco next argues that his constitutional rights were violated when the district court refused to reopen the evidence to allow him to testify. We review de novo a defendant's claim that he was deprived of his constitutional right to testify, however, we review for an abuse of discretion a district court's decision not to reopen evidence to permit a defendant to testify. *See United States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999). At oral argument, counsel for Orozco urged us to adopt a broad categorical rule that would permit a defendant to invoke his or her constitutional right to testify at any time before the case is turned over to the jury for deliberations. We decline the invitation. Instead, we join our sister circuits in holding that

a defendant must generally invoke the right to testify before the close of evidence and we consider the following factors (the "*Walker* factors") to determine whether a district court abused its discretion in denying a motion to reopen to allow a defendant to testify: (1) the timeliness of the defendant's motion, (2) the character of the proposed testimony, (3) the disruptive effect of granting the motion, and (4) whether the defendant offered a reasonable excuse for his or her untimely request to testify. *See United States v. Byrd*, 403 F.3d 1278, 1284, 1287 (11th Cir. 2005) (citing *United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985)); *United States v. Peterson*, 233 F.3d 101, 106 (1st Cir. 2000).

"The right of an accused to testify in his own defense is well established, and is a 'constitutional right of fundamental dimension.'" *Pino-Noriega*, 189 F.3d at 1094 (quoting *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)). The right to testify, however, does not include an option to listen to the prosecution's final argument and then engage in a rebuttal argument. *See Rock v. Arkansas*, 483 U.S. 44, 55 (1987) (noting that the right to testify must, at times, "bow to accommodate other legitimate interests in the criminal trial process") (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1987)); *Pino-Noriega*, 189 F.3d at 1095–96 (holding that a defendant waives his right by failing "to assert his right to testify before he discovers that the jury has returned a guilty verdict"); *Neuman v. Rivers*, 125 F.3d 315, 318–19 (6th Cir. 1997) (holding that a defendant was not deprived of his right to testify, but instead waived the right by waiting to make the request to testify until just before jury instructions). Indeed, procedural and evidentiary rules controlling the presentation of evidence "do not offend the defendant's right to testify" unless such rules are "arbitrary or disproportionate to the purposes they are designed to serve." *See Rock*,

483 U.S. at 55 & n.11, 56; *see also Chambers*, 410 U.S. at 302 ("In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.").

Applying the *Walker* factors here, the district court did not abuse its discretion by refusing to reopen the evidence to allow Orozco's testimony. First, Orozco's motion to reopen the evidence after the government's closing argument was clearly untimely, although not as untimely as the request made in *Pino-Noriega*, 189 F.3d at 1095 (after the jury had reached but not yet delivered its verdict). Second, as to the character of his proposed testimony, the record is silent. While a defendant's first-hand account of the events leading to his accusation has some inherent value, *see Peterson*, 233 F.3d at 107, Orozco did not explain what he hoped to say or how he planned to bolster his defense. Third, granting Orozco's untimely request to testify would likely have caused at least some disruption to the trial process, but we have no way of evaluating the extent of that disruption because Orozco made no record concerning the character of his proposed testimony. Finally, and perhaps most significantly, Orozco failed to offer any excuse for his late request to testify, let alone a reasonable one. As we have previously held, a district court "may refuse to permit an accused to reopen his case, and present additional evidence, where there is insufficient reason for the accused's failure to offer evidence at the proper time." *Kelm*, 827 F.2d at 1323 (citing *United States v. Ramirez*, 608 F.2d 1261, 1267 (9th Cir. 1979)).

A defendant seeking to testify after the close of proof is best situated to make a record explaining the reasons

justifying the untimely request to testify and the character of his or her proposed testimony. Doing so enables the government to better assess whether it will seek to introduce rebuttal evidence, and in turn, allows the district court to better assess the potential disruption the proposed testimony will create. Considering each of the *Walker* factors in light of the record in this case, we cannot say the district court abused its discretion.

**AFFIRMED.**