**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

AUG 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPHINE SAMI HALABI,

Defendant - Appellant.

No. 13-50410

D.C. No. 2:12-cr-00499-DMG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 6, 2015
Pasadena, California

Before: SILVERMAN, SACK[**], and WARDLAW, Circuit Judges.

Defendant Josephine Halabi appeals from the district court's denial of her

motion for a mistrial. A jury convicted Halabi of charges arising from her receipt

of Supplemental Security Income ("SSI") payments to which she was not entitled

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

and from false statements she made to the Social Security Administration ("SSA") regarding her eligibility for those payments. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Halabi urges us to review the district court's denial of her motion for a mistrial for abuse of discretion, while the government urges us to treat the motion as an unpreserved evidentiary objection and review for plain error. *See, e.g.*, *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008) ("We generally review the district court's denial of a motion for a mistrial for abuse of discretion."). *But see United States v. Rivera*, 43 F.3d 1291, 1294-95 (9th Cir. 1995) (treating motion for a mistrial based on alleged evidentiary error as untimely evidentiary objection). Assuming without deciding that abuse of discretion is the appropriate standard, the district court's ruling fell within its "broad discretion" to deny the motion. *United States v. Orozco*, 764 F.3d 997, 1000 (9th Cir. 2014).

The testimony in question, which pertained to a county government form reflecting Halabi's purchase of a second home, did not constitute impermissible "other acts" evidence entered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The false statement and perjury charges contained in the indictment required the government to prove that Halabi owned two properties, the

2

second of which was not her primary residence. Most of the disputed testimony pertained directly to this charged conduct.

Halabi argues that the challenged testimony impermissibly suggested that she had made an uncharged false statement; namely, that she intended to use the second property as a primary residence. But the government witness whose testimony Halabi challenges testified that he did not know who had completed the form and checked the box indicating that the property was to be used as a primary residence. He testified that while the form "[a]ppear[ed] to be signed by [Halabi]," he "[didn't] know if she was the one who filled it out." The district court did not abuse its discretion in denying the motion on the grounds there was no evidentiary error.

Even if we were to "[a]ssum[e] without deciding that the testimony in question was inadmissible [], reversal would be warranted only if any error in the initial admission of the evidence was not harmless." *United States v. George*, 56 F.3d 1078, 1083 (9th Cir. 1995). Halabi has failed to show that she was prejudiced by the testimony in question.[1] First, the challenged testimony was duplicative of other, unchallenged evidence in the record. *See Evanow v. M/V Neptune*, 163 F.3d

---

[1]  Defense counsel declined an instruction offered by the district court to "cure" any jury confusion that this evidence might have generated.

1108, 1117 (9th Cir. 1998) (holding that defendants could not show prejudice where challenged evidence was "largely duplicative" of unchallenged evidence). The witness, an SSA investigator, testified as to (1) the contents of the form and (2) his visit to Halabi's second home, which revealed that Halabi did not live there. The former aspect of the testimony is unlikely to have prejudiced Halabi any more than the contents of the form itself, which Halabi does not dispute was properly admitted. The latter aspect of the testimony is unlikely to have prejudiced Halabi any more than her own August 2011 admission that she owned a second home, which she used for rental income rather than as her own residence.

Second, the evidence supporting the conclusion that Halabi knowingly made the false statements in question was overwhelming. The SSA claims representative who conducted Halabi's eligibility review testified that Halabi denied owning a second home and signed statements to that effect after being advised that her ownership of a second home would preclude her receipt of SSI payments and that she signed one form under penalty of perjury. The representative's supervisor corroborated the representative's testimony in several respects. Finally, the manager of an apartment complex in which Halabi once lived testified that the manager frequently observed Halabi read, write, and speak English without apparent difficulty. Halabi has thus failed to show that, "more probably than not,

4

the lower court's error [if there was one] tainted the verdict." *Mahone v. Lehman*, 347 F.3d 1170, 1172 (9th Cir. 2003) (internal quotation marks omitted).

**AFFIRMED.**