NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK GLENN GOODWIN, | No.   19-17220 |
| Petitioner-Appellant, | D.C. No. 1:17-cv-01604-JLT |
| v. | |
| SPEARMAN, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Submitted December 10, 2021[**]
San Francisco, California

Before:  MURGUIA, Chief Judge, and IKUTA and VANDYKE, Circuit Judges.

Patrick Glenn Goodwin, an incarcerated individual in California, appeals the

district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus

challenging his conviction for battery under California law.  We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review the district court's denial of Goodwin's § 2254 petition de novo. *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). A district court may not grant a § 2254 petition unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Goodwin, who proceeded in *propria persona* during his state trial court proceeding, argues that he was denied his constitutional right to testify on his own behalf when the state trial court declined to reopen evidence to permit him to testify during the trial.[1] The California Court of Appeal found that the state trial court did not abuse its discretion when the trial court refused to reopen evidence to allow Goodwin's testimony.

Goodwin has not shown that the California Court of Appeal's conclusion that Goodwin waived his right to testify was objectively unreasonable. *See United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993) ("[W]aiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure

---

[1] After Goodwin filed a petition to proceed in *propria persona*, the state trial court judge conducted a *Faretta* hearing, in which he cautioned Goodwin against proceeding in *propria persona* and informed Goodwin that he would be responsible for all aspects of his criminal trial.

2

to testify or notify the court of his desire to do so."); *United States v. Edwards*, 897 F.2d 445, 446–47 (9th Cir. 1990) (holding that the defendant waived his right to testify when "[n]either the prosecution nor the court was given any reason to think the defendant desired to testify").

Goodwin claims that the state trial court violated his constitutional right to testify under *Rock v. Arkansas*, 483 U.S. 44 (1987). The California Court of Appeal concluded that permitting Goodwin to testify would have resulted in the "consumption of court resources" and would have likely required the prosecution to call rebuttal witnesses. Under *Rock*, restrictions on a defendant's right to testify "may not be arbitrary and disproportionate to the purposes they are designed to serve." *Id*. at 56. "'Arbitrary' in this context means without a basis in reason or law." *Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998). Goodwin has not shown that this conclusion was objectively unreasonable. *United States v. Pino-Noriega*, 189 F.3d 1089, 1095 (9th Cir. 1993) (finding that a defendant's right to testify "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process" quoting *Rock*, 483 U.S. at 55)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("In the exercise of this right, the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilty and innocence."); *United States v Orozco*, 764 F.3d 997, 1002 (9th Cir. 2014) (finding that a trial court

a trial court "may refuse to permit an accused to reopen his case, and present additional evidence, where there is insufficient reason for the accused's failure to offer evidence at the proper time").

We decline to reach Goodwin's challenges to the California Court of Appeal's factual findings, which he raises for the first time on appeal. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002).

Goodwin's petition is therefore **DENIED**.